**Terry W. CHANLEY, Appellant (Third Party Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

**No. 87A01–8909–CR–394.**

Court of Appeals of Indiana,
First District.

Feb. 19, 1990.

J. William Bruner, Boonville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Terry W. Chanley (Chanley) appeals the judgment of the trial court finding him in contempt of court for refusing to testify at a pre-trial deposition and at trial after invoking his Fifth Amendment right against self-incrimination and being granted use immunity by the State. We affirm.

## FACTS

On June 21, 1989, Chanley was deposed on behalf of Jason Woolems, the defendant in the case of *State v. Woolems*, Cause No. 87C01–8902–CF–9. When questioned, Chanley invoked his Fifth Amendment right against self-incrimination. On the same date the State filed a Petition for Use Immunity.[1] A hearing was held during which Chanley attempted to persuade the trial court that the State had no standing to petition for use immunity during pre-trial discovery. The trial court rejected Chanley's argument and granted the State's petition.

The parties resumed Chanley's deposition, but Chanley again refused to testify. The State filed an information for contempt, and a hearing was held by the trial court. Chanley was found in contempt[2] and was sentenced to six (6) months imprisonment in the Warrick County jail, to be served consecutively to any other sentence then imposed.

On June 28, 1989, Woolems was brought to trial and Chanley was called as a witness. Chanley again refused to answer certain questions and invoked his Fifth Amendment right against self-incrimination. The State renewed its prior petition for use immunity. Chanley objected, claiming that an order entered previously by the

1. Ind.Code § 35–37–3–3.

2. Ind.Code § 34–4–7–3.

Oldham Circuit Court of the Commonwealth of Kentucky which provided that Chanley was not subject to arrest and service of process while in Indiana prevented the State from seeking a contempt ruling in the present case. Chanley requested that the Kentucky order be made part of the record and the State did not object. The trial court admitted the order into evidence and granted the State's petition for use immunity. Chanley again refused to testify. The State moved that Chanley be found in contempt, and, after a hearing on the matter, the trial court again found Chanley in contempt. The trial court sentenced Chanley to six (6) months imprisonment in the Warrick County jail, to be served concurrently to Chanley's previous contempt citation. Chanley appeals the trial court's determination.

### ISSUES

1) Whether the trial court properly granted the State's petition for use immunity requested pursuant to IC 35–37–3–3 when Chanley invoked the Fifth Amendment and refused to testify during the pretrial discovery process.

2) Whether the trial court properly acted upon the State's Petition for Use Immunity and Information for Contempt given the provisions of the order entered by the Oldham Circuit Court, Commonwealth of Kentucky ordering Chanley to be a witness in the Indiana criminal prosecution of Woolems.

### DISCUSSION AND DECISION

*Issue One*

Chanley first argues that the State's initial petition for use immunity was premature. According to Chanley, when the petition was filed the State had no reason to believe that Chanley would refuse to testify at trial, and therefore the State had no standing to seek use immunity. Chanley also argues that because the initial petition for use immunity was invalid, the State's "renewal" of that petition at trial was also invalid. Because the petitions were invalid, Chanley argues that both contempt findings and their resulting sentences are void.

The State of Indiana has enacted legislation giving prosecutors the authority to grant use immunity to witnesses and obviate the self-incrimination privilege of the Fifth Amendment. *Bubb v. State* (1982), Ind.App., 434 N.E.2d 120, 123. The purpose of these statutes is to permit the State, which is invested with the duty to prosecute criminals, to elicit the testimony of reluctant but necessary witnesses. *Id.* Exercise of this power is limited to prosecutors. *Resnover v. State* (1987), Ind., 507 N.E.2d 1382, 1389; *Bubb*, 434 N.E.2d at 123. The laws controlling a grant of use immunity to a witness who refused to testify are codified at Ind.Code § 35–37–3–1 *et seq* and read as follows:

35–37–3–1 **Refusal of witness to answer or produce item; hearing; decision on right to refuse**

Sec. 1. (a) If a witness in any hearing or trial occurring after an indictment or information has been filed, refuses to answer any question or produce any item, the court shall remove the jury, if one is present, and immediately conduct a hearing on the witness's refusal. After such a hearing, the court shall decide whether the witness is required to answer the question or produce the item.

(b) If the prosecuting attorney has reason to believe that a witness will refuse to answer a question or produce an item during any criminal trial, the prosecuting attorney may submit the question or request to the trial court. The court shall hold a hearing to determine if the witness may refuse to answer the question or produce the item.

35–37–3–2 **Self-incrimination; request for use immunity**

Sec. 2. If the court determines that the witness, based upon his privilege against self-incrimination, may properly refuse to answer a question or produce an item, the prosecuting attorney may make a written request that the court grant use immunity to the witness, in accordance with section 3 of this chapter.

35–37–3–3 **Grant of use immunity; instruction of witness; contempt; perjury**

Sec. 3. (a) Upon a request of the prosecuting attorney, the court shall grant use

immunity to a witness. The court shall instruct the witness, by written order or in open court, that any evidence the witness gives, or evidence derived from that evidence, may not be used in any criminal proceeding against that witness, unless the evidence is volunteered by the witness or is not responsive to a question by the prosecuting attorney. The court shall instruct the witness that he must answer the questions asked and produce the items requested.

(b) A grant of use immunity does not prohibit the use of evidence the witness has given in a prosecution for perjury under IC 35–44–2–1.

(c) If a witness refuses to give the evidence after he has been granted use immunity, the court may find him in contempt.

Chanley first invoked the Fifth Amendment right against self-incrimination and refused to testify at a deposition being taken on behalf of the defendant in the case of *State v. Woolems.* Chanley argues that this action was insufficient to give the prosecuting attorney reason to believe that as a witness at Woolems' trial, Chanley would again refuse to testify. We disagree.

█ It is not speculative to say that Woolems' counsel and the prosecuting attorney would be seeking the same or similar information concerning the incident for which Woolems was being tried. The questions Chanley refused to answer when asked by Woolems' counsel would no doubt be raised by the State as well. Given that Chanley refused to answer the questions propounded by Woolems' counsel, it is reasonable to conclude that Chanley would likewise assert the fifth amendment right against self-incrimination when faced with similar questions asked by the prosecutor at trial. Therefore, we hold that the State's first petition for use immunity was not premature and the resulting contempt finding and sentence are not void. Chanley's argument concerning the prosecutor's in-trial renewal of the petition for use immunity was based on the alleged deficiencies of the State's original petition. Be-

cause we have held the original petition to be valid, we need not address Chanley's further objections on this matter.

*Issue Two*

Chanley next contends that the trial court erred in acting upon the State's petition for immunity and information for contempt because these proceedings violated the provisions of the order to produce witness issued by the Oldham Circuit Court in the Commonwealth of Kentucky. Chanley argues that he was convicted of civil contempt. We disagree.

█ The willful and intentional disobedience of the orders of a court can constitute indirect criminal contempt. *In re Crumpacker* (1982), Ind., 431 N.E.2d 91, 97, *cert. denied,* 459 U.S. 803, 103 S.Ct. 25, 74 L.Ed.2d 41; *see also Jackson v. Farmers State Bank* (1985), Ind.App., 481 N.E.2d 395, 402, *trans. denied.* Chanley claims that the evidence does not support the conclusion that he "willfully and intentionally" disobeyed the order of the trial court and that, therefore, the contempt citation cannot be considered criminal by nature. Chanley is mistaken. Chanley himself admitted that he "willfully and voluntarily" disobeyed the trial court's order. Record at 33–34. Describing Chanley's refusal to obey the trial court's order that he answer the questions propounded at the deposition, the trial court stated that Chanley had "knowingly and voluntarily" violated the trial court's order. While the language employed may vary slightly from the rule of law articulated in *Crumpacker,* the meaning of that language does not. The evidence reveals that Chanley was aware of the trial court's order that he answer the questions put forth at the deposition and at trial, yet Chanley purposefully elected not to testify. This evidence is sufficient to support the conclusion that Chanley willfully and intentionally disobeyed the court's order. Therefore, contrary to Chanley's argument, the trial court did not err in finding Chanley guilty of criminal contempt.

Chanley also argues that the order issued by the Oldham Circuit Court in Kentucky compelling Chanley to be produced to testify in Woolems' criminal trial precludes his arrest and conviction for contempt while in Indiana under the authority of that order. Specifically, Chanley points to the following provisions of the Oldham Circuit Court order to support his argument:

"That the laws of the State of Indiana give Terry Chanley protection from arrest and service of civil process while attending the above styled and numbered Warrick County criminal prosecution [*State v. Woolems*] as a witness."

"That Terry Chanley shall not be subject to arrest or civil process by the authorities of the State of Indiana during that time he is in the State of Indiana subject to the terms of this order made under the Uniform Rendition of Prisoners as Witnesses in Criminal Proceedings Act." Record at 57.

 We first point out that we are not bound by another state court's determination as to the status of the laws of the State of Indiana. We also note that Ind. Code § 35–37–5–8 reads as follows:

"If a person comes into this state in obedience to a subpoena directing him to attend and testify in a criminal prosecution in this or any other state, he shall not while in this state pursuant to such subpoena be subject to arrest or the service of process, civil, or criminal, in connection with matters which arose before his entrance into this state under subpoena."

Clearly, under this provision, the prohibition against arrest and service of process is limited to that which arises out of incidents occurring prior to the witness' entrance into the state under subpoena.

██ Chanley was in this state pursuant to a certificate issued by the Oldham Circuit Court in accordance with Ind.Code § 35–37–5–6 which allows for the summoning of prisoners from another state to testify in this state. Chanley argues, therefore, that since his presence was not secured by a subpoena, the provisions of IC 35–37–5–8 are inapplicable to him, and the limiting language of that provision should not be deemed applicable to the Oldham Circuit Court order. We disagree.

Because those whose presence is secured by certificate are never mentioned in IC 35–37–5–8, it may appear that, under the letter of the law, only those entering this state via a subpoena are subject to arrest and service of process for criminal acts occurring while in this state to testify. However, it is equally likely that the legislature's failure to specifically denote those in state under the authority of a court certificate indicates that such individuals are subject to arrest and service of process for all crimes committed in this state, whether committed before or after entering this state by witness certification. Either interpretation, however, leads to a ridiculous distinction between the two methods of securing a witness' appearance to testify, and this court will not interpret a statute so as to lead to an absurd result. *State v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737, 739; *Matter of Middlefork Watershed Conservancy District* (1987), Ind.App., 508 N.E.2d 574, 577; *Board of School Trustees v. Benetti* (1986), Ind. App., 492 N.E.2d 1098, 1102.

Rather than adopting a meaningless differentiation between those entering under subpoena and those entering under certification, we consider it more likely that the legislature meant to encompass those entering the state under both methods when it enacted IC 35–37–5–8. Therefore, we hold that while Chanley could not be arrested or served with process for criminal acts occurring in this state prior to his entry by witness certification, he was nonetheless subject to arrest for criminal acts occurring after his entrance. Any other conclusion would amount to granting complete immunity to out-of-state prisoners brought into this state to testify in a criminal proceeding. We consider it highly unlikely that our legislature had any such result in mind when it enacted the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings. Because Chanley was subject to arrest and service of process arising out of criminal acts oc-

curring after he entered the state under witness certification, the trial court did not err in acting upon the State's petition for use immunity and in finding Chanley to be in contempt.

Affirmed.

HOFFMAN, P.J., and ROBERTSON, J., concur.

