**In the Matter of the Contempt Finding Against Pierre CRAIG During the Trial of State of Indiana v. Robert L. Johnson and Anthony Hamlet.**

**No. 48A02–8811–CR–439.**

Court of Appeals of Indiana, Second District.

April 10, 1990.

William D. McCarty, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

This is an appeal from the finding and sentencing of Pierre Craig (Craig), a witness, for contempt for refusal to answer questions in a criminal prosecution after being granted use immunity. Specifically, Craig is appealing his sentence of 270 days, representing 90 days for each refusal to answer three questions.

We reverse and remand for appropriate sentencing pursuant to the applicable law.

On May 31, 1988, Craig had been called to testify in the murder trial of Robert Johnson and Anthony Hamlet. Craig apparently refused to testify, invoking his Fifth Amendment privilege against self-incrimination. On June 1, 1988, an attorney was appointed to represent Craig and proceedings were conducted outside the presence of the jury. The State requested, and the court granted, use immunity for Craig. The court informed Craig that his continued refusal to answer questions at this point might result in punishment for contempt.

There was some confusion as to the penalty the court might impose:

> "[The Court]: And I believe the maximum punishment is one hundred and eighty (180) days and a five hundred dollar ($500.00) fine, is that right gentlemen? Does anybody remember that?
>
> MR. NAVE:[1] One hundred and eighty (180) days I do remember your Honor.
>
> JUDGE: Does that sound right gentlemen?
>
> MR. WALSH:[2] I thought it was ninety (90) but I haven't spent any time researching it.
>
> JUDGE: Well, we get good time. Mr. Godfrey have I advised him correctly?
>
> MR. GODFREY:[3] I was unable to find that. I don't know the answer to that. It was one of the questions that he did have for me. I was not able to....
>
> JUDGE: Till somebody shows me differently, it is a hundred and eighty (180) days and a five hundred dollar ($500.00) fine. If that would happen and I am certainly not in the position now to know what is going to happen, but if that would happen my understanding is you get good time. So it would mean an extra three (3) months if he refuses to answer." Record at 69–71.

There was also confusion as to whether separate refusals to each question propounded could constitute more than one act of contempt:

> "MR. GODFREY: And it is also your understanding from having at least read one Supreme Court case having to do with contempt that that would be in our opinion and [sic] one time event, is that correct?
>
> MR. CRAIG: Yes.
>
> MR. GODFREY: Having known that and having been advised of all these things, is it still your decision not to testify at all in this criminal proceeding?
>
> MR. CRAIG: It is still my decision.
>
> MR. GODFREY: And this criminal proceeding has to do with State of Indiana versus Anthony Hamlet and Robert Johnson that are codefendants, do you understand that?
>
> MR. CRAIG: Yes I do.
>
> MR. GODFREY: And if you were called upon to testify and asked questions by the Prosecuting Attorney would you in each case and in answer to every particular question refuse to testify?
>
> MR. CRAIG: I refuse to testify.
>
> MR. NAVE: Excuse me, your Honor. May we have Mr. Godfrey ask him if he is aware of the fact that the one case that has been heard has not been Shepardized and it is a 1950's case.
>
> JUDGE: Well, let me just tell you this. That very well may be true that a refusal to answer a series of questions may be considered to be only one contempt, but it may turn out that each refusal to answer may be a contempt. So every time you say Judge I am not answering any of their questions you could pick up a hundred and eighty (180) days for every one of them. So theoretically, maybe, I don't know what the Supreme Court might do if we ever got there, but if you refuse to answer fifty (50) questions that might be nine hundred (900) days, I just don't

---

**1.** Deputy Prosecutor.

**2.** Counsel for defense.

**3.** Counsel for Craig.

know. But that is a possibility. But there is this case that says one (1) refusal is one (1) contempt. So I just don't know the answer to that question.

MR. CRAIG: Well, if he has got two thousand (2000) questions to ask, I will refuse them all." Record at 74–76.

The court did direct the prosecutor to ask only enough questions to document Craig's refusal for the record. (R–79) The jury was reconvened and the prosecutor propounded three questions. Craig refused to answer each.

The court ordered Craig to answer yet he persisted in his refusal. The court found Craig in contempt and sentenced him to ninety days for each refusal:

"MR. NAVE: The matter of the extent of the court's authority to sentence him is still open. We have not Shepardized that case and I am simply going to ask the court to take that into consideration and perhaps delay sentencing until....

JUDGE: Well, I am going to tell you what.... no if I delay it then I have got to disqualify myself and have some other Judge hear the matter and I don't want to fool around with that and jump through all those hoops. He refused to answer three (3) questions and I am going to give him ninety (90) days on each, that will be two-hundred and seventy (270) days incarceration in the Madison County Jail to be served consecutively with the sentence you are now serving. When you are released from the DOC we will get you for two hundred and seventy (270), which means if you behave yourself you will be out in a hundred and thirty-five (135). Does that sound alright? Court finds that three (3) proper questions were put to you Mr. Craig and

you refused to answer. Nothing that we have done or said has in any way changed your mind. You are in direct contempt of court and I find you in contempt of court and I sentence you to thirty (30) days.... excuse me, ninety (90) days for refusal to answer each of the questions, a total of two hundred and seventy (270) days. Said sentence to run consecutively with time you are now serving in the Indiana Department of Corrections." Record at 86–87.

■ Craig challenges the "finding" of three separate acts of contempt and the sentences thereon. His position is that where he refused at the outset to testify and steadfastly continued to do so, his refusal to answer a string of questions may only be treated as a single act of contempt. The State concedes error in this regard, but argues that the sentence of 270 days should stand. The State's position is that the court's intent was that "the overall contempt by Craig deserved 270 days." State's brief, p. 3.

We agree that Craig's refusal may be treated as but a single act of contempt. *See In re Contempt Findings Against Schultz* (1981) 1st Dist.Ind.App., 428 N.E.2d 1284. The question remains as to the consequences which may flow from that contempt.

Indiana Code 35–37–3–3(c) (Burns Code Ed.1985) provides that a witness who refuses to give evidence after being granted use immunity may be found in contempt. Craig's refusal to answer questions after being ordered to do so constitutes criminal contempt. *Chanley v. State* (1990) 1st Dist.Ind.App., 550 N.E.2d 764.[4]

■ The fact that this is a criminal contempt matter is significant in terms of the consequences which may follow. Criminal contempt is an affront to the dignity of the

---

4. *Chanley* involved the refusal to testify at a deposition and at trial in Indiana after being ordered to do so by a Kentucky court. I.C. 34–4–7–2 (Burns Code Ed.1986) defines refusal to testify as direct contempt. However, in order for contempt to be direct it must take place in the presence of the court, so that the judge has personal knowledge of it. *Andrews v. State*

(1987) 1st Dist.Ind.App., 505 N.E.2d 815. Because the acts in *Chanley* took place outside the presence of the Kentucky court, Chanley was determined to be in indirect criminal contempt. The distinction between direct and indirect criminal contempt is not crucial in the present case.

court; it differs from a civil contempt action which is for the purpose of enforcing private rights. *Hegedus v. Hegedus* (1978) 1st Dist., 178 Ind.App. 620, 383 N.E.2d 446. Punishment is not the primary purpose of civil contempt. Rather, the court seeks to coerce compliance. *Clark v. Atkins* (1986) 3d Dist. Ind.App., 489 N.E.2d 90, *trans. denied.* That is, the consequence is conditional on the contemnor's obedience to a court order. Criminal contempt, in contrast, may be punished by a determinate sentence or fine.

Former I.C. 34–4–7–6 (Burns Code Ed. 1986) provided for a determinate sentence for contempt:

> "Punishments for contempts of court, under this chapter, may be by fine or imprisonment, or both, in the discretion of the court inflicting the same, but no fine shall exceed the sum of five hundred dollars [$500], nor shall any imprisonment extend beyond the term of three [3] months."

This statute was repealed, effective September 1, 1987, prior to Craig's sentence of three months for each of three refusals. *See* I.C. 34–4–7–6 (Burns Code Ed. Supp. 1989).

The State argues that the repeal reflects a legislative intent to leave sentencing to the discretion of the court in contempt cases. The State's argument is not dispositive here. A court's contempt powers are inherent as well as statutory. *Worthington v. State* (1979) 3d Dist., 181 Ind.App. 365, 391 N.E.2d 1164. However, the power to punish contempt is limited by reasonableness. In a recent federal case, *United States v. Misenheimer* (N.D.Ind. 1988) 677 F.Supp. 1386, the district court held that where congress had prescribed no maximum sentence for criminal contempt, courts have a special duty to exercise their extraordinary contempt powers with the "utmost sense of responsibility and circumspection." *Id.* at 1388, *citing Green v. United States* (1958) 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672. The court's point that "a sentence for criminal contempt should reflect the 'least possible power adequate to the end proposed'" is well taken. *Id.* at

1388, *quoting United States v. Wilson* (1975) 421 U.S. 309, 319, 95 S.Ct. 1802, 1808, 44 L.Ed.2d 186. In *Misenheimer,* a ten year sentence for criminal contempt was upheld as reasonable where the refusal to comply with court order to produce handwriting exemplars deprived the Government of necessary evidence. The court also noted that where the witness was facing a 265 year sentence for criminal offenses, a sentence of a few months imprisonment would not have been meaningful. *Id.*

In light of caselaw holding that a witness who refuses to testify cannot be punished for each refusal to answer, Craig's sentence consisting of 90 days for each of three refusals cannot stand. *See Schultz, supra,* 428 N.E.2d 1284.

Accordingly, we reverse and remand for resentencing not inconsistent with this opinion.

BUCHANAN and ROBERTSON, JJ., concur.