In the Matter of the Contempt finding against Pierre CRAIG During the Trial of State of Indiana v. Robert L. Johnson and Anthony Hamlet.

Pierre CRAIG, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9012–CR–708.[1]

Court of Appeals of Indiana, Fifth District.

May 30, 1991.

William D. McCarty, Anderson, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Defendant–Appellant Pierre Craig appeals his sentencing for criminal contempt. We reverse and remand with instructions.

We note this is the second appellate review of Craig's sentencing. In *Matter of Craig* (1990), Ind.App., 552 N.E.2d 53, the Second District of this court reversed Craig's original sentence for contempt

---

**1.** This case has been diverted to this office by order of the Chief Judge.

based on the following facts as recited in the opinion.

Craig, an inmate serving a sentence with the Indiana Department of Corrections, was subpoenaed by the State to testify in the murder trial of Robert Johnson and Anthony Hamlet, concerning events occurring at the prison. Craig refused to testify based on his Fifth Amendment privilege against self-incrimination. The trial court granted the State's request for use immunity and warned Craig that his continued refusal to testify would result in punishment for contempt.

Craig was adamant and indicated he would not answer any questions. The prosecutor propounded three questions which Craig refused to answer. The trial court found Craig in contempt and sentenced him to 90 days on each refusal, for a total of 270 days. The sentence was ordered to run consecutive to the unrelated sentence which Craig was serving with the Department of Corrections.

■ On appeal from that sentence we held that Craig's refusal to testify constituted a single act of contempt. *Craig, supra.* The State admitted error on that issue, but suggested the sentence should stand, arguing the 270–day sentence reflected the trial court's intent of an appropriate maximum sentence for Craig's contempt. This court did not follow the State's suggestion, holding that a witness could not be punished for each refusal to answer; therefore, Craig's sentence of 90 days on each of three refusals could not stand. The sentence was reversed and remanded for resentencing. *Id.*

On remand, the trial court entered a sentence of 270 days for Craig's single act of contempt. Craig presents but one issue for our review: whether the sentence imposed denies Craig due process. We hold that it does.

In *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, the United States Supreme Court held that it would be a denial of due process to impose a greater sentence on a criminal defendant after a successful appeal of his conviction. The rationale of the opinion was that to

permit increased punishment in such circumstances would open the door to "vindictive" sentencing, that retaliates against the defendant for exercising his right to appeal his conviction:

Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be free of apprehension of such a retaliatory motivation on the part of the sentencing judge.

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct occurring after the time of the original sentencing proceeding.

*Id.* 395 U.S. at 725–726, 89 S.Ct. at 2080–2081.

■ There has been some retreat from the apparent per se rule evidenced by *Pearce* in circumstances where there is no "realistic likelihood of vindictiveness." *Blackledge v. Perry* (1974), 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628. A due process violation does not arise from the bare possibility that a defendant might be deterred from exercising a legal right because of the potential for an enhanced sentence after retrial. *Bordenkircher v. Hayes* (1978) 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604. For example, the rule of *Pearce* does not apply where the new sentencing is ordered by a different judicial authority, *Chaffin v. Stynchcombe* (1973), 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714, or where an aggregate sentence is reduced, but some of the interdependent sentences in a "sentencing package" are increased following a successful appeal of some of the individual

counts. *Kelly v. Neubert* (3rd Cir.1990), 898 F.2d 15.

■ Due process is violated only when there is a realistic danger that the State might be retaliating against the accused for lawfully attacking his conviction. The basic thrust of *Pearce* in that regard remains intact; an increased sentence imposed after retrial in the same judicial forum is presumptively "vindictive."

The rule of *Pearce* was applied to a fact situation similar to the case before us in *Baker v. Eisenstadt* (1st Cir.1972), 456 F.2d 382, *cert. den.*, 409 U.S. 846, 93 S.Ct. 110, 34 L.Ed.2d 87. That case concerned a habeas corpus proceeding, based on a state court's imposition of 5-month concurrent sentences for each of 12 refusals to testify, with disposition reserved on 31 other refusals. The *Baker* court found that only one act of contempt was committed. The sentence was reversed and ordered revised so that it did not exceed 5 months. The court reasoned:

> Under our holding that only one offense was committed, and that at the onset of the questioning, we think due process would be violated by the imposition of a harsher sentence than that imposed for the first sentence adjudicated. *Cf. North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

*Id.* at 395.

Similarly, in *In re Contempt Findings Against Schultz* (1981), Ind.App., 428 N.E.2d 1284; *reh. den., trans. den.*, the defendant had been found in contempt for 27 refusals to testify. The trial court imposed 3-month consecutive sentences on each contempt. On appeal the court held that the action of the trial court was erroneous in that only one contempt was committed. The foregoing language from *Baker* was quoted in *Schultz* for the proposition that the problem of multiple contempts is one of constitutional dimension. The judgment of the trial court was reversed "insofar as the court found Schultz guilty of more than one contempt." *Id.* at 1291. The opinion did not remand for resentencing and therefore the effective result of the decision was to limit the sentence to one three-month sentence.

In light of the foregoing authority, we believe that the considerations articulated in *Pearce* are operative here. The presumption of vindictiveness limits resentencing after vacation of an illegal sentence, as well as resentencing after retrial. *United States v. Paul* (7th Cir.1986), 783 F.2d 84. The rationale for the rule of *Pearce* applies with no less force in the case of witness resentencing for contempt.

Therefore, we hold that after reversal of a sentence erroneously entered for multiple acts of criminal contempt, it is a denial of due process to impose a sentence any greater than the original sentence for each single act of contempt. An exception to this rule would exist when the record indicates facts, unknown at the time of the first sentencing, that would justify an enhanced sentence. *Pearce, supra.* The record before us is barren of any such additional facts.

The State directs our attention to *State v. Case* (1985), 103 N.M. 574, 711 P.2d 19, in which the Court of Appeals of New Mexico comes to a conclusion directly opposite to our holding today. In *Case*, the defendant successfully appealed a sentence for criminal contempt based on the trial court's erroneous finding of multiple acts of contempt. After remand and a jury trial, the defendant's sentence for one act of contempt was the same as the prior aggregate sentence for multiple acts of contempt. He then challenged the new sentence as motivated by judicial vindictiveness. The New Mexico court upheld the sentence, holding that there was no factual basis for a finding of judicial vindictiveness because the new sentence was no longer than the original aggregate sentence.

We are respectful of the perspective of the New Mexico court, but we believe that the better view on this issue is represented by the holding in *Baker, supra.* The trial court in this case originally sentenced Craig to 90 days for each act of contempt. For the court to resentence Craig to the same aggregate sentence, but for only a single act of contempt, creates precisely

the situation that *Pearce* forbids as violative of due process. The danger that this result may be due to a retaliatory motive mandates reversal.

 We hasten to emphasize that our reading of the record does not indicate the existence of a retaliatory or vindictive motive on the part of the trial court. But the message of *Pearce* is unambiguous; proof of actual judicial vindictiveness is not a prerequisite to the presumptive application of the rule of that case. It would be a rare instance that the record would disclose such a motivation, even where operative. *Id.* 89 S.Ct. at 2080, n. 20.

The State also argues that the sentence should be upheld because it is reasonable in light of the defendant's conduct and the clear necessity to coerce testimony in like situations. While a sentence for criminal contempt must be reasonable, *Craig, supra (citing United States v. Misenheimer* (N.D.Ind.1988) 677 F.Supp. 1386), a determination of the reasonableness of Craig's sentence would not be dispositive of the due process issues facing us today.

It is, of course, fundamental that a trial court must have the power to enforce compliance with its orders and also to coerce, if necessary, the testimony of a recalcitrant witness. In that vein, we do not dispute the legitimacy of the trial court's stated motive to send other inmates a "message." However, the State's argument as to the reasonableness of the sentence is patently inapposite to the issue before us. The exercise of the right of appeal must be free and unfettered. *Pearce.* The demands of due process override even such obviously important considerations as those raised by the State.

We would emphasize, however, that nothing in this opinion should be construed so as to restrict the discretion of the trial court to deal with instances of contempt, within constitutional limits. Our holding is limited to the restrictions placed on the power of the trial court to resentence for contempt, after an appellate review resulting in reversal of the court's previous finding of multiple contempts. In such instances, the sentence for a single act of contempt may not, consistent with due process, be greater than the prior sentencing for each act of contempt. *Baker, supra; Schultz, supra.*

Accordingly, we reverse and remand for resentencing not to exceed 90 days.

SHARPNACK and MILLER, JJ., concur.