In the Matter of the Finding of CONTEMPT AGAINST Monty D. STEELMAN, During the Trial of State of Indiana v. Todd K. Mills.

No. 48A02–9406–CR–339.

Court of Appeals of Indiana, Second District.

March 16, 1995.

Mark Maynard, Hasler & Maynard, Anderson, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

FRIEDLANDER, Judge.

Monty D. Steelman appeals the trial court's finding of contempt of court and sentence imposed upon him during the trial of a co-defendant. The court entered the finding when Steelman refused to testify after the court had granted him use and derivative use immunity at the request of the State.

We affirm.

The facts are that on January 20, 1993, Steelman was subpoenaed to testify before a Madison County grand jury to aid in its investigation of an attempted escape from the Indiana Department of Correction's Correctional Industrial Complex in Pendleton, Indiana. Steelman stated he was aware of the nature of the grand jury's investigation and requested an attorney. The prosecutor thereupon explained to Steelman that the court could grant Steelman use immunity and derivative use immunity. Steelman consulted an attorney and, at his next appearance before the grand jury, asserted his constitutional right not to testify. Additionally, Steelman stated that he did not desire to be granted immunity because it would not be sufficient to fully protect his rights. The grand jury subsequently returned an indictment against Steelman and Todd Mills, charging them with Conspiracy to Commit Escape. Steelman's and Mills's cases were originally joined but were eventually separated upon Steelman's motion.

On March 15, 1994, the court granted Steelman use and derivative use immunity to testify against Mills. When the State called

Steelman to the stand, he refused to testify. The court explained the protections provided by such a grant of immunity and ordered Steelman to answer the questions asked of him. Steelman refused to testify and the court found him in direct contempt. The court sentenced Steelman, after the prosecutor's recommendation, to one year in the Indiana Department of Correction, to be served consecutive to the sentence he was serving at the time the grand jury indicted him. Steelman appeals and presents three issues:

1. Did the trial court's contempt order comply with the requirements of Ind. Code 34-4-7-7?

2. Did the trial court abuse its discretion in sentencing Steelman to a one-year term of imprisonment upon its finding of contempt?

3. Did the trial court's grant of use immunity and derivative use immunity provide Steelman with protection coextensive with his right against self-incrimination?

1.

Steelman first argues that the trial court's contempt order failed to comply with the requirements of IC 34-4-7-7. IC 34-4-7-7 provides in relevant part:

"When any person shall be arraigned for a direct contempt, in any court of record of this state, no affidavit, charge in writing, or complaint shall be required to be filed against him; *but the court shall distinctly state that act, words, signs or gestures, or other conduct of the defendant which is alleged to constitute such contempt;* and such statement shall be reduced to writing either by the judge making it, or by some reporter authorized by him to take it down when made; and the same shall be substantially set forth in the order of the court on the same, together with any statement made in explanation, extenuation, or denial thereof, which the defendant may make in response thereto; ...".

[Emphasis supplied]. The contempt order states:

*"ORDER OF SENTENCE ON FINDING OF CONTEMPT*

MONTE D. STEELMAN [sic] appears in Court pursuant to subpoena and transport order for trial of co-defendant, Todd Mills, in Cause No. 48D03–9301–CF–038. Defense counsel, Mark Maynard, appears. The State of Indiana appears by William F. Lawler, Prosecuting Attorney.

MONTE D. STEELMAN [sic] had been offered use immunity and derivative use immunity to testify in said case; however, Monte D. Steelman [sic] refuses to testify. The State of Indiana requests that requests that [sic] he be found in contempt of Court and that he be sentenced to the maximum allowable for contempt. Argument is heard.

The Court hereby finds MONTE D. STEELMAN [sic] in contempt of this Court for refusal to testify after having been awarded use immunity and derivative use immunity. He is sentenced to one (1) year in the Indiana Department of Correction for said contempt to run consecutively to that sentence he is currently serving under Cause No. 89D02–9102–CF–208.

Dated this 29th day of March, 1994.

/s/ Thomas Newman, Jr.
THOMAS NEWMAN, JR[.], JUDGE SUPERIOR COURT OF MADISON COUNTY,
DIVISION III"

*Record* at 27.

█ Both Steelman and the State cite *Andrews v. State* (1987), Ind.App., 505 N.E.2d 815, for the rule that a mere recital of the trial court's conclusions is insufficient to satisfy the requirement that the court's order shall distinctly state the acts constituting the alleged direct contempt. The court's finding must recite in detail the acts found to have been committed and which constitute contempt. *Id.* Steelman argues that the order complies with neither IC 34-4-7-7 nor *Andrews* because it is merely a litany of the court's conclusions rather than a concise statement of the specific behavior the court found contemptuous.

█ The order specifically states that Steelman "had been offered use immunity

and derivative use immunity to testify in said case" but that he "refuses to testify." *Record* at 27. The act constituting the direct contempt was Steelman's refusal to testify after having been granted immunity. The trial court's order was sufficiently distinct.

## 2.

■ Next, Steelman argues that the length of his sentence is disproportionate and excessive. Both Steelman and the State argue that this issue should be analyzed in terms of whether the trial court abused its discretion, citing *Davis v. Sponhauer* (1991), Ind.App., 574 N.E.2d 292. *Davis* applied the abuse of discretion standard to determine whether the trial court properly found the appellant to be in contempt. The *Davis* court did not consider the appropriateness of the punishment itself. In *Matter of Craig* (1990), Ind.App., 552 N.E.2d 53, this court noted that former IC 34–4–7–6, repealed in 1987, provided a determinate sentence for contempt, limiting punishment to a fine of no more than $500.00 and/or imprisonment of no more than three months. Now, in the absence of the statute, the power to punish contempt is limited by reasonableness. *Id.*; *See also United States v. Wilson* (1975), 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186; *Green v. United States* (1958), 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672; *United States v. Misenheimer* (N.D.Ind.1988), 677 F.Supp. 1386.

■ The record in the present case shows that Steelman refused to testify at a proceeding wherein the defendant was charged with three serious offenses, including conspiracy to commit escape, a class B felony, confinement, a class B felony, and intimidation, a class C felony. Steelman deprived the prosecution of evidence in a case involving an attempted escape from the Pendleton Correctional Industrial Complex, during which one officer was physically attacked with a pool ball and pool cue and another officer was confined and threatened with being "slice[d] ... from ear to ear" with with a scissors blade. *Record* at 22. The gravity of the circumstances surrounding Steelman's refusal to testify persuades us that the one-year sentence was reasonable.

## 3.

Ind.Code 35–37–3–3(a) states:

"Upon request of the prosecuting attorney, the court shall grant use immunity to a witness. The court shall instruct the witness, by written order or in open court, that any evidence the witness gives, or evidence derived from that evidence, may not be used in any criminal proceeding against that witness, unless the evidence is volunteered by the witness or is not responsive to a question by the prosecuting attorney. The court shall instruct the witness that he must answer the questions asked and produce the items requested."

■ Steelman challenges the constitutionality of IC 35–37–3–3 as applied to a coconspirator awaiting his own trial, arguing that it operates to deprive a witness in his situation of the right against self-incrimination. The privilege against self-incrimination is not absolute, but must be balanced with the government's legitimate demands to compel citizens to testify so that, in order to effect justice, the truth surrounding the criminal incident may be discovered. *In Re Caito*, (1984), Ind., 459 N.E.2d 1179. In managing this issue, Indiana has followed the Supreme Court's reasoning as articulated in *Kastigar v. United States* (1972), 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212, *reh. denied. See In Re Caito, supra.* The court in *Kastigar* held that an immunity statute will be upheld where the immunity granted is coextensive with the scope of the privilege against self-incrimination. The grant of immunity must leave the witness in substantially the same position as if the privilege to remain silent had been properly exercised. *In Re Caito, supra.* Use immunity and derivative use immunity, granted in conjunction, leave a witness in substantially the same position as if the witness had claimed the privilege. *In Re Contempt Findings Against Schultz* (1981), Ind.App., 428 N.E.2d 1284.

Steelman concedes that our federal and state courts agree that use and derivative use immunity are coextensive with the scope of the privilege against self-incrimination. Steelman contends, however, that such im-

munities are unconstitutionally applied to a co-conspirator awaiting his own trial because the State may then request immunity in order to wring self-incriminating testimony from a defendant. In support of this proposition, Steelman points to the facts that a person granted immunity is subject to direct examination and cross-examination without the protection of counsel and that immunity does not extend to unresponsive answers or volunteered information.

 Steelman's argument is premature and disregards the protections afforded a witness who testifies under a grant of immunity. Initially, we note that Steelman is correct in that immunity does not extend to unresponsive answers or volunteered information. Immunity protects a witness from the subsequent use of *compelled* testimony, and neither unresponsive answers nor volunteered information constitutes testimony that has been compelled from a witness.

We agree with the court of appeals for the District of Columbia, which recognized in *Graves v. United States* (1984), D.C.App., 472 A.2d 395, *cert. denied,* that constitutional concerns are not raised by the mere fact that a witness has been compelled to testify. Rather, the constitutional violation occurs when the state uses the compelled testimony against the witness. *Id.* We follow the reasoning in *Graves* and conclude that once the government initiates prosecution against the immunized witness, a pretrial hearing is the proper manner for challenging the State's compliance with the immunity grant. The immunized witness is protected by the requirement that after the witness demonstrates that he or she has testified pursuant to a grant of immunity to matters related to the prosecution, the government has the burden of proving an independent, legitimate source for the disputed evidence. *State v. Peters* (1994), Ind.App., 637 N.E.2d 145.

In *Jackson v. State* (1994), Ind.App., 644 N.E.2d 607, this court declared an immunized witness's fears that the State might use his testimony to obtain witnesses against him to be without merit and speculative. Steelman's arguments are likewise specula-

tive and premature. The proper procedure for Steelman to raise his concerns regarding the use of evidence gained from his testimony is a pretrial hearing during which the government must prove that the evidence it presents has an independent, legitimate source. Steelman has no claim until the government actually uses evidence against him that was allegedly derived from his testimony. His fears of what might transpire at trial are insufficient to establish that application of IC 35-37-3-3 deprives him of his constitutional rights.

Judgment affirmed.

KIRSCH, and NAJAM, JJ., concur.