**Connie FURRER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A02–9811–CR–874.

Court of Appeals of Indiana.

April 23, 1999.

Earl McCoy, Office of Patrick Harrington, Lafayette, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant Connie Rodriguez Furrer (Rodriguez) brings an interlocutory appeal from a trial court order that she testify as a victim-witness in a battery case in exchange for a grant of use immunity offered by the State. Specifically, she argues that an order to testify denies her privilege against self-incrimination, as guaranteed by the Fifth Amendment of the United States Constitution and Article I, Section 14 of the Indiana Constitution, where her compelled testimony will necessarily reveal self-incriminating evidence of untruthfulness.

### FACTS

On December 1, 1997, Rodriguez telephoned 911 Emergency Assistance and stated that her fiancé, Allen Furrer, had beaten her. Three Tippecanoe County Sheriff Deputies were dispatched to Furrer's home, where Rodriguez was also living. Police observed Rodriguez's bruised eye and split lip. Rodriguez complained of pain in her right ankle and back, and advised the officers that she was spitting up blood. Rodriguez signed a written statement indicating that she and Furrer had been arguing in bed when Furrer pushed her to the floor and punched her several times while holding her down. When Furrer later fell asleep, Rodriguez called 911. The State subsequently charged Furrer with Criminal Confinement,[1] a Class D felony, and Battery,[2] a Class A misdemeanor.

On February 27, 1998, Rodriguez voluntarily gave a recorded oral statement to the prosecutor in which she recanted her earlier report to police and stated that her injuries had occurred when she fell down the basement stairs. Furrer's jury trial began on October 8, 1998. Rodriguez was subpoenaed by the State to testify, and she appeared in person and by counsel at a preliminary hear-

---

1. IND.CODE § 35-42-3-3.

2. I.C. § 35-42-2-1.

ing. There, she stated that she would refuse to testify and asserted her Fifth Amendment privilege against self-incrimination, and she continued to maintain that she would not testify after the State offered to grant her use immunity. On October 8, 1998, the trial court certified for interlocutory appeal its order compelling Rodriguez to testify, and we accepted the appeal on November 25, 1998.

## DISCUSSION AND DECISION

■ Rodriguez contends that the State cannot compel her to testify where her testimony would necessarily be evidence of a crime. Specifically, she argues that implementation of the statute on use immunity, I.C. § 35–37–3–3,[3] will violate her constitutional privilege against self-incrimination because the State will in effect force her to testify either that she gave false information in her first statement to police,[4] or that she perjured herself in a later sworn statement to the prosecutor's office recanting her prior statement.[5] Rodriguez interprets I.C. § 35–37–3–3(b) to mean that use immunity will protect her from prosecution for false informing, but not for perjury in her statement to prosecutors.

■ We note initially that the interpretation of I.C. § 35–37–3–3(b) offered by Rodriguez would render the statute unconstitutional, as it would compel witnesses to give evidence against themselves regarding perjury, for which they could subsequently be tried. Our supreme court has held that, wherever possible, statutes will be construed to uphold their constitutionality. See Boehm v. Town of St. John, 675 N.E.2d 318, 321 (Ind.1996). If there are two reasonable interpretations of a statute, one of which is constitutional and the other not, this court will choose the constitutional interpretation because we will not presume that the legisla-

ture violated the constitution unless that is required by unambiguous language in the statute. Id.

■ The United States Supreme Court has found that, where a grant of immunity is coextensive with the privilege against self-incrimination, a witness can be forced to testify. Kastigar v.. United States, 406 U.S. 441, 453, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Our court has come to the same conclusion. See Matter of Contempt of Steelman, 648 N.E.2d 366, 369 (Ind.Ct.App.1995). The witness' right against self-incrimination is not violated where the grant of immunity leaves the witness in substantially the same position as if the privilege to remain silent had been properly exercised. Id. Use immunity will not protect a witness who testifies untruthfully at trial. IND.CODE § 35–37–3–3(b). However, where a witness is compelled to testify and does so truthfully, the prosecution may not use the compelled testimony to support a prosecution for perjury antedating the immunity order. See ·In re Contempt Findings Against Schultz, 428 N.E.2d 1284, 1289–90 (Ind.Ct.App.1981).

■ In the instant case, precedent demonstrates that the perjury exception in I.C. § 35–37–3–3 applies only to present perjury, that is, perjury committed as part of the compelled testimony. See id. The privilege against self-incrimination does not extend to perjury in trial testimony, nor does the grant of use immunity extend so far. See id. at 1289. However, Rodriguez is not in danger of being prosecuted for perjury in statements antedating her compelled testimony, as this would be an unconstitutional result. See Boehm, 675 N.E.2d at 321. Thus, we construe § I.C. 35–37–3–3(b) to be constitutionally valid: the grant of use immunity requires that a witness testify truthfully under a grant of use immunity but protects the witness from prosecution for past perjurious

---

3. I.C. § 35–37–3–3 provides in pertinent part that:
  (a) Upon request of the prosecuting attorney, the court shall grant use immunity to a witness. The court shall instruct the witness, by written order or in open court, that any evidence the witness gives, or evidence derived from that evidence, may not be used in any criminal proceeding against that witness. . . .

  (b) A grant of use immunity does not prohibit the use of evidence the witness has given in a prosecution for perjury under IC 35–44–2–1.

4. I.C. § 35–44–2–2(c).

5. I.C. § 35–44–2–1(a).

statements thereby revealed. *See In re Contempt Findings Against Schultz,* 428 N.E.2d at 1289–90. Thus, we conclude that Rodriguez can be compelled to testify.

Judgment affirmed.

RUCKER, J., and BROOK, J., concur.