**In the Matter of the Finding of Contempt Against Richard L.C. GARDNER During the Proceedings in re: State of Indiana, Appellant–Plaintiff, v. Buddy Mac Williams, Appellee–Defendant.**

No. 48A04–9804–CR–225.

Court of Appeals of Indiana.

June 29, 1999.

Christopher A. Cage, Hulse Lacey Hardacre Austin & Shine, P.C., Anderson, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

RATLIFF, Senior Judge.

*STATEMENT OF THE CASE*

Appellant Richard L.C. Gardner appeals from the trial court's sentencing determination pertaining to a finding of direct contempt of court.

We reverse and remand.

## ISSUE

The following issue is dispositive: whether the trial court abused its discretion in sentencing Gardner.

## FACTS AND PROCEDURAL HISTORY

The State charged Buddy Mac Williams, an inmate in the Indiana State Reformatory at Pendleton, with conspiracy to deliver a schedule I controlled substance and conspiracy to deliver marijuana. The State also alleged that Williams was an habitual offender.

The State attempted to depose Gardner, a fellow inmate, about the charges against Williams. Even though he was given use immunity, Gardner refused to testify at the deposition. The trial court found Gardner in contempt for his failure to testify and imposed a sentence of eleven and one-half years to run consecutively to the sentence he was then serving. The sentence was premised on the trial court's belief that Gardner should serve the presumptive sentence that Williams was eligible to receive. Gardner now appeals the trial court's sentencing determination.[1]

## DISCUSSION AND DECISION

Gardner acknowledges that the trial court was correct in finding him in direct contempt for failure to testify. However, Gardner contends that the trial court erred in imposing the eleven and one-half year sentence. He argues that the sentence violates Art. 1, § 16 of the Indiana Constitution, which provides in pertinent part that "[a]ll penalties shall be proportioned to the nature of the offense."

■ Punishment for contempt is generally within the sound discretion of the trial court. *Hopping v. State,* 637 N.E.2d 1294, 1298 (Ind.1994), *cert. denied,* 513 U.S. 1017, 115 S.Ct. 578, 130 L.Ed.2d 493. We have previously noted that Ind.Code 34–4–7–6, which limited punishment to a fine of $500.00 and/or imprisonment of no more than three months, has been repealed. *See Contempt of Steelman,* 648 N.E.2d 366, 369 (Ind.Ct.App. 1995); *Matter of Craig,* 552 N.E.2d 53, 56 (Ind.Ct.App.1990). Now, in the absence of

the statute, the power to punish contempt is limited by reasonableness. *Id. (citing Green v. U.S.,* 356 U.S. 165, 78 S.Ct. 632, 645, 2 L.Ed.2d 672 (1958) (holding that the lack of statutory limitations does not give the trial court "unbridled discretion," as the trial court has a "special duty to exercise such an extraordinary power with the utmost sense of responsibility and circumspection")).

■ Our supreme court has held that a sentence for contempt shall be reviewed to determine whether it is manifestly unreasonable. *Hopping,* 637 N.E.2d at 1297. In order to find a sentence manifestly unreasonable, we must determine whether the sentence is appropriate given the particular offense and the character of the offender. *Id.*

In assessing the reasonableness of a sentences for contempt, federal appellate courts have compared the sentences with sentences for the like offenses of perjury, obstruction of justice, and civil contempt. *See e.g., U.S. v. Gracia,* 755 F.2d 984, 990 (2dCir.1985) (comparing sentences for criminal contempt to perjury and holding that "it would be anomalous to encourage those who would otherwise remain silent to choose, instead, to lie"); *U.S. v. Gomez,* 553 F.2d 958, 959 (5th Cir.1977) and *U.S. v. Leyva,* 513 F.2d 774, 780 (5th Cir.1975) (both holding that a two year sentence was appropriate after comparing the sentences for the offenses of perjury (five years), obstruction of justice (five years), and civil contempt (eighteen months) to the sentence imposed by the trial court); *U.S. v. Patrick,* 542 F.2d 381, 393 (7th Cir.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977) (holding that the four year sentence imposed by the district court was appropriate as it was comparable to the five year sentence for perjury or obstruction of justice).

Even though Art. 1, § 16 does not require comparative proportionality analysis, our supreme court has encouraged appellate counsel to conduct comparative proportionality review of all death sentences. *See Stevens v. State,* 691 N.E.2d 412, 437 (Ind.1997), *cert.*

---

1. In a further proceeding, the trial court added thirty years to the eleven and one-half year sentence. On appeal, the State wisely concedes that the thirty year sentence was manifestly unreasonable. Thus, we consider only the propriety of the eleven and one-half year sentence.

*denied,* —— U.S. ——, 119 S.Ct. 550, 142 L.Ed.2d 457 (1998). Furthermore, in *Conner v. State,* 626 N.E.2d 803, 806 (Ind.1993), the court compared the defendant's six year sentence for dealing in a substance represented to be a controlled substance with the maximum three year sentence for dealing marijuana. The court determined that "[s]uch a doubling of the penalty is out of proportion to the nature of the offense." *Id.*

■ We find the comparative analysis used in the above-mentioned cases to be appropriate in this case. A review of our criminal code discloses that perjury and obstruction of justice, offenses comparable to criminal contempt, are Class D felonies. *See* Ind.Code § 35–44–2–1; Ind.Code § 35–44–3–4. The possible sentence for a Class D felony ranges from a minimum of six months to a maximum of three years. Ind. Code § 35–50–2–7. Under the circumstances of the present case, we hold that the trial court's sentence, which is out of proportion with the comparable sentences for like offenses, is manifestly unreasonable. We see no reason based upon general deterrence to impose a greater punishment for Gardner's silence than for lying to the trial court. We hold that a sentence of three years is proportioned to the nature of the offense of criminal contempt in this case. In so holding, we observe that this sentence is adequate both to vindicate the authority of the trial court and to punish Gardner for his contempt.

### CONCLUSION

We reverse and remand with instructions that the trial court vacate Gardner's sentence for criminal contempt and impose a sentence of three years.

Reversed and remanded with instructions.

RUCKER, J., and DARDEN, J., concur.