**William HOLLY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A05–9610–CR–432.

Court of Appeals of Indiana.

July 2, 1997.

Susan K. Carpenter, Public Defender, Gregory L. Lewis, Deputy Public Defender, Indianapolis, for appellant.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

RUCKER, Judge.

After the trial judge sentenced defendant-appellant William Holly to serve seventyeight years for attempted murder, rape, and robbery, Holly referred to the judge by using profanity. The trial judge found Holly in direct contempt of court and sentenced him to an additional one year term of imprisonment. Holly now appeals contending the one year sentence is constitutionally infirm and that the conviction should be reversed and this cause remanded for trial by jury.

The Sixth Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, guarantees to defendants in criminal cases the right to trial by jury. *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), *reh'g denied.* While petty contempts like other petty crimes may be tried without a jury, serious criminal contempts must be tried with a jury if the defendant insists on this mode of trial. *Codispoti v. Pennsylvania,* 418 U.S. 506, 511, 94 S.Ct. 2687, 2691, 41 L.Ed.2d 912 (1974). The determination of the seriousness of a crime is normally heavily influenced by the penalty authorized by the legislature. *Id.* However where no legislative penalty is specified and sentencing is left to the discretion of the judge, as is often true in the case of criminal contempt, the pettiness or seriousness of the contempt will be judged by the penalty actually imposed. *Id.* There is a fixed dividing line between petty and serious offenses: those crimes carrying a sentence of more than six months are considered serious crimes and those carrying a sentence of six months or less are considered petty crimes. *Id.* Thus sentences up to six months may be imposed for criminal contempts without guilt or innocence being determined by a jury. *Id.* Sentences exceeding

six months may not be imposed absent a jury trial or waiver thereof. *Cheff v. Schnackenberg,* 384 U.S. 373, 380, 86 S.Ct. 1523, 1526, 16 L.Ed.2d 629 (1966).

 The one-year sentence imposed in this case exceeds by six months the length of penalty characterizing a "petty offense" for Sixth Amendment purposes. Because the sentence was imposed without the benefit of a trial by jury it is erroneous. However we disagree with Holly's contention that his conviction should be reversed and this cause remanded for trial by jury. There is no question that the trial court properly found Holly in contempt of court. Holly's outburst which was specifically directed to the trial judge undermined the authority of the judge and the dignity of the courtroom. Accordingly, summary proceedings for Holly's direct contempt were appropriate. *Hopping v. State,* 637 N.E.2d 1294 (Ind.1994), *cert denied,* 513 U.S. 1017, 115 S.Ct. 578, 130 L.Ed.2d 493. The only error here was the sentence the trial court imposed. Under similar circumstances we have remanded the cause to the trial court for resentencing. *See e.g. Matter of Craig,* 571 N.E.2d 1326 (Ind. Ct.App.1991) (cause remanded to trial court for resentencing where 270–day sentence for contempt violated due process); *See also Cheff,* 384 U.S. at 379–85, 86 S.Ct. at 1526 (nothing restricts the power of a reviewing court in appropriate circumstances to revise sentences in contempt cases tried with or without juries). Therefore Holly's conviction for contempt is affirmed; but the cause is remanded with instructions to the trial court to impose a sentence not exceeding six months.

Judgment affirmed and cause remanded.

SHARPNACK, C.J., and HOFFMAN, J., concur.