**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 31 2013, 5:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE CONTEMPT OF           )
DOROTHY DAVIS,                  )
                                )
    Appellant-Defendant,        )
                                )
         vs.               )    No. 49A05-1307-CR-337
                                )
STATE OF INDIANA,               )
                                )
    Appellee-Plaintiff.         )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc T. Rothenberg, Judge
Cause No. 49G01-1108-FA-61283

**October 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Dorothy Davis appeals the trial court's imposition of an 180-day sentence for indirect contempt after Davis failed to appear in court as a trial witness. The sole issue presented for our review is whether Davis's sentence is appropriate in light of the nature of the offense and her character. Concluding that Davis has not met her burden to demonstrate that her sentence is inappropriate, we affirm.

**Facts and Procedural History**

Davis's son, Kevin, is charged with attempted murder and robbery. On April 9, 2013, Indianapolis Metropolitan Police Officer John T. Green served Davis with a subpoena to appear as a witness in Kevin's trial on April 15, 2013. Davis signed for the subpoena in Officer Green's presence. Thereafter, Davis did not appear in court on April 15, 2013. The trial court set a show cause hearing for Davis for the following day. On April 16, 2013, the State charged Davis with indirect contempt of court. The State also filed a petition for body attachment and a hearing to show cause why Davis should not be held in contempt for failure to appear. Davis appeared in court later that day, and the trial court advised her of the indirect contempt charge pending against her. The court ordered Davis to appear in court on May 23, 2013. Davis failed to appear on that date. The trial court set a show cause hearing for Davis for June 5, 2013, and reset her son's criminal trial for June 12, 2013. Davis again failed to appear on June 5, 2013. The trial court ordered another show cause hearing for June 12, 2013. Davis failed to appear on June 12, 2013, and the trial court issued a warrant for her

2

arrest. By June 17, 2013, Davis was arrested and in custody. The trial court appointed counsel to represent her and set a contempt hearing for July 3, 2013.

At the contempt hearing, Davis testified that Kevin's defense counsel, Heather Barton, advised Davis and her daughters not to appear in court. Barton denied ever so advising Davis. Barton testified that she communicated with Davis through text message and that, on April 15, 2013, she texted Davis that she needed to appear in court or that a warrant would be issued for her arrest. Barton testified that, prior to the next trial date, she texted Davis that the trial "was a go," and that Davis responded that she was not going to appear. Tr. at 79. Barton stated that she texted back that she could not advise Davis to disobey a court order. Barton testified that she never advised Davis not to appear in court and that she informed the State each time she learned that Davis's intent was not to appear.

Following the hearing, the trial court found Davis guilty of indirect contempt. The trial judge determined that he would have to recuse himself from Kevin's case because he now had knowledge of the witnesses. Moreover, Barton withdrew as Kevin's attorney. The trial court held a sentencing hearing on July 10, 2013. The court sentenced Davis to ninety days in jail and ninety days on home detention. Thereafter, Davis filed her notice of appeal, and on August 2, 2013, this Court granted a subsequent motion by Davis to expedite the appeal. We will state additional facts in our discussion as necessary.

**Discussion and Decision**

Davis's sole contention on appeal is that her 180-day sentence is inappropriate, and she invites this Court to reduce her sentence. Contempt of court involves "disobedience of a

3

court which undermines the court's authority, justice, and dignity." *City of Gary v. Major*, 822 N.E.2d 165, 169 (Ind. 2005). The authority of a court to sanction a party for contempt is among the inherent powers of a court to maintain its dignity, secure obedience to its process and rules, rebuke interference with the conduct of business, and punish unseemly behavior. *Id.* In *Jones v. State*, 847 N.E.2d 190 (Ind. Ct. App 2006), *trans. denied*, we discussed the appellate review of sentences imposed after a finding of contempt. Specifically, we noted that

> before its repeal in 1987, Indiana Code Section 34-4-7-6 limited punishment for contempt to a fine of $500.00 and/or imprisonment of no more than three months. We have recognized, "in the absence of the statute, the power to punish contempt is limited by reasonableness." *In re Gardner*, 713 N.E.2d 346, 347 (Ind. Ct. App. 1999) (citing *Hopping v. State*, 637 N.E.2d 1294, 1297 (Ind. 1994), *cert. denied*, 513 U.S. 1017, 115 S. Ct. 578, 130 L. Ed. 2d 493 (1994)). In *Hopping*, our Supreme Court noted that punishment for contempt is generally a matter left to the sound discretion of the trial court and then applied the manifestly unreasonable standard. Under the manifestly unreasonable standard, a reviewing court did not revise a sentence authorized by statute unless it determined that no reasonable person could find the sentence appropriate given the particular offense and character of the offender. Now, however, we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender. However, both the old and the new standards for revising sentences apply to sentences authorized by statute. Because there is no longer a statute setting out the punishment for contempt, it is unclear whether Appellate Rule 7(B) should apply in reviewing contempt sentences.

*Id.* at 201-02 (some citations and internal quotations omitted).

The parties here agree that the standard pursuant to which we should review Davis's sentence is the Indiana Appellate Rule 7(B) inappropriateness standard. Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence authorized by statute if, after due

4

consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). However, as in *Jones*, we need not decide which test should apply, because "under an inappropriateness, manifestly unreasonable, or simple reasonableness test," the trial court's imposition of the maximum 180-day sentence "passes muster." *See id.* at 202. [1]

Regarding the nature of the offense, Davis committed indirect contempt by failing to appear in court as ordered on multiple occasions. She completely disobeyed the trial court's processes and rules and interfered with the court's ability to conduct business. This case is most egregious because Davis has interfered with and caused significant delay to a criminal trial on the very serious offenses of attempted murder and robbery.

As for Davis's character, her behavior in the current proceedings does not reflect favorably upon her. She has exhibited disdain and complete disregard for the authority of the court. The trial court did not find Davis's purported excuse for her failure to appear to be credible, and we see no reason to second-guess the trial court's decision regarding the punishment for her unseemly behavior. Davis has not met her burden to show that her 180-

---

[1] Because the contempt proceeding in question was held without a jury, the maximum sentence that the trial court could have imposed was 180 days. *Jones*, 847 N.E.2d at 200 (citing *Holly v. State*, 681 N.E.2d 1176, 1178 (Ind. Ct. App. 1997)).

5

day sentence is inappropriate or manifestly unreasonable. We decline to revise her sentence and affirm the sentence imposed by the trial court.

Affirmed.

BARNES, J., and PYLE, J., concur.