**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ADAM G. FORREST**
Boston Bever Klinge Cross & Chidester
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT CAMPBELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  89A04-1309-CR-490 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Charles K. Todd, Jr., Judge
Cause No. 89D01-1203-MR-3

**May 9, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The State granted appellant-defendant Robert Campbell use immunity in exchange for his testimony against several other codefendants in accordance with a plea agreement to Murder,[1] a felony. Campbell later refused to testify at a codefendant's murder trial and was found in direct contempt of court. Campbell was then sentenced to two-and-one-half years of incarceration.

We agree that the trial court properly found Campbell in direct contempt of court but are compelled to remand this cause with instructions to the trial court to impose a sentence not exceeding six months. We also affirm the trial court's decision forbidding the application of good time credit in these circumstances, which is an issue that might arise on remand.

### FACTS

At some point in 2013,[2] Campbell pleaded guilty to murder, pursuant to a plea agreement that he negotiated with the State. Among the provisions of the agreement, Campbell was granted derivative and use immunity in exchange for his testimony at his codefendants' trials that were pending in Wayne County.

The trial court accepted the plea agreement, and on June 26, 2013, the trial court issued an order granting Campbell use immunity in connection with the evidence, testimony, or statements given by him during the trial of codefendant, Jonathan Gray.

---

[1] Ind. Code § 35-42-1-1.

[2] Although the parties and the trial court refer to the plea agreement and its terms at various times during Campbell's contempt and sentencing hearings, it appears that there is no copy of Campbell's actual plea agreement in either the record or appendix.

The order also informed Campbell that his refusal to testify could result in a finding of direct contempt of court.

When Campbell was called to testify at Gray's trial on August 8, 2013, Campbell refused to testify. As a result, the trial court found Campbell in direct criminal contempt of court because he violated the terms of the plea agreement. Following a hearing on August 30, 2013, the trial court sentenced Campbell to two-and-one-half years of incarceration. Campbell now appeals.

## DISCUSSION AND DECISION

Campbell argues that the trial court erred when it sentenced him to two and one-half years of imprisonment for direct criminal contempt in the absence of a jury trial or his waiver of his right to a jury trial. Campbell also maintains that the trial court erred in applying "good time credit" to the contempt sentence.

In accordance with Indiana Code section 34-47-2-1:

(a) Every person who disturbs the business and proceedings of a court:

     (1) by creating any noise or confusion;

     (2) in a court of record; and

     (3) while the court is open for and engaged in the transaction of business;

is considered guilty of a direct contempt of court.

(b) This section applies to a disturbance caused:

     (1) by the commission of a felony, a misdemeanor, or an other unlawful act;

(2) by talking, moving about, or by signs, or gestures; or

(3) in any other manner.

In construing the above, we initially observe—and the State concedes—that "a State may choose to try any contempt without a jury if it determines not to impose a sentence longer than six months." Taylor v. Hayes, 418 U.S. 488, 496 (1974). However, a sentence that exceeds six months is sufficiently severe by itself to require a jury trial. Baldwin v. New York, 399 U.S. 66, 69 (1970); see also Jones v. State, 847 N.E.2d 190, 202 (Ind. Ct. App. 2006) (observing that because the defendant was not afforded a jury trial or given the opportunity to waive her right to a jury trial, the trial court improperly sentenced her to a term exceeding 180 days for contempt).

Although "petty" contempts like other petty crimes may be tried without a jury, "serious criminal contempts must be tried with a jury if the defendant insists on this mode of trial." Holly v. State, 681 N.E.2d 1176, 1177 (Ind. Ct. App. 1987) (quoting Codispoti v. Pennsylvania, 418 U.S. 506, 511 (1974)). The determination of the seriousness of a crime is normally heavily influenced by the penalty that the legislature authorizes. Id.

However, as in direct criminal contempt cases, where no legislative penalty is specified and sentencing is left to the trial court's discretion, the pettiness or seriousness of the contempt will be judged by the penalty actually imposed. Id. Sentences up to six months may be imposed for criminal contempts without guilt or innocence being

4

determined by a jury. Id. However, sentences that exceed six months may not be imposed absent a jury trial or waiver thereof. Id.

In this case, because the trial court sentenced Campbell to two-and-one-half years of incarceration without a jury trial or a waiver thereof, Campbell's sentence was improper. Id. As a result, we must remand this cause with instructions to the trial court to impose a sentence not exceeding six months.

## II. Good Time Credit

In addition to our decision to remand this cause for the above-stated reasons, we will proceed to address Campbell's claim that the trial court erred in determining that he was not entitled to good time credit regarding his sentence for contempt because the issue may arise on remand.

Our Supreme Court has refused to apply good time credit to a contempt sentence on several occasions. In re Baars, 683 N.E.2d 555, 556 (Ind. 1997). Moreover, our General Assembly's purpose in enacting "good time" credit statutes is to encourage inmates of penal institutions to behave well while confined, to improve their morale, and to assist prison authorities maintain order and control. Jones, 847 N.E.2d at 201. While not specified in Indiana Code section 35-50-6-3,[3] which pertains to the amount of good

---

[3] The current version of Indiana Code section 35-50-6-3, which remains in effect until July 1, 2014, discusses offenders who are assigned to various classes and earn good time for each day that they are imprisoned in a penal institution for a crime or while awaiting trial or sentencing:

time that is earned when an offender is placed in a certain class within a penal institution, our Supreme Court has defined credit time as "a statutory reward for a lack of conduct that is in violation of institutional rules. It is earned toward release on parole for felons, and does not diminish the fixed term or affect the date on which a felony offender will be discharged." Id. at 201.

It is also apparent that Campbell was not "imprisoned for a criminal offense" as contemplated by Indiana Code section 35-50-6-4, which pertains to reclassifying or reassigning offenders within the prison when he or she is incarcerated while "imprisoned for a crime or imprisoned awaiting trial or sentencing."[4]

As discussed above, the trial court sentenced Campbell to a term of imprisonment for committing an act of direct contempt. His refusal to testify was directed against the dignity and authority of the trial court and resulted in the obstruction of justice. Tr. p. 9-

---

(a) A person assigned to Class I earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing.

(b) A person assigned to Class II earns one (1) day of credit time for every two (2) days the person is imprisoned for a crime or confined awaiting trial or sentencing.

(c) A person assigned to Class III earns no credit time.

(d) A person assigned to Class IV earns one (1) day of credit time for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing.

Although our general assembly has amended this statute that will take effect after July 1, there is no indication that the revised version applies to actions that involve direct contempt.

[4] Similar to the provisions that are set forth in Indiana Code section 35-50-6-3, the current version of the statute remains in effect until July 1, 2014. Again, while the amended version that becomes effective on July 1, 2014 may contain some substantive revisions regarding the reassignment of offenders to various classes while they are incarcerated, there is no indication that the amended statute applies to contempt actions.

10. Therefore, the purpose of the sentence imposed was to vindicate the authority of the trial court and not to punish for the commission of a criminal act, as our legislature has defined and subsequently codified in the criminal code. Jones, 847 N.E.2d at 201.

Because Campbell was not "imprisoned for a crime," Indiana Code sections 35-50-6-3 and -4 do not apply to his sentence for criminal contempt. Id. at 201 (holding that the good time credit statutes do not apply to a sentence for criminal contempt). As a result, Campbell has failed to establish that the trial court erred in determining that Campbell was not entitled to good time credit on the sentence imposed for contempt. For these reasons, we affirm this portion of the trial court's judgment.

The trial court's judgment is affirmed, but we remand this cause with instructions to impose a sentence not to exceed six months. See Holly, 681 N.E.2d at 1178.

BARNES, J., and CRONE, J., concur.

7