FILED

Jul 19 2017, 5:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Leanna Weissmann<br>Lawrenceburg, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Chandra K. Hein<br>Deputy Attorney General |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon Mockbee,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 19, 2017<br><br>Court of Appeals Case No.<br>15A01-1701-CR-22<br><br>Appeal from the Dearborn Circuit Court<br><br>The Honorable James D. Humphrey, Judge<br><br>Trial Court Cause No.<br>15C01-1607-F5-049 |

**Pyle, Judge.**

## Statement of the Case

[1]     Brandon Mockbee ("Mockbee") appeals the trial court's finding that he was twice in direct criminal contempt of the court and the trial court's sentence that Mockbee serve one year in jail.  Mockbee argues that his behavior did not rise to the level of a contemptuous act required for two findings of direct contempt

and that the trial court was not authorized to sentence him to more than six months in jail for direct contempt without a jury trial. We conclude that the trial court did not err in finding Mockbee in direct contempt. However, because we conclude that there was only one continuous act of contempt, we reverse the trial court's finding of two acts of contempt and remand to the trial court to enter a sentence of six months.

[2] We affirm in part, reverse in part, and remand with instructions.

## Issue

Mockbee raises three issues, which we consolidate and restate as whether his behavior constituted a single episode of contempt.

## Facts

[3] In July 2016, the State charged Mockbee with two counts of Level 5 felony burglary and one count of Level 5 felony conspiracy to commit burglary, and it alleged that he was an habitual offender. Mockbee was initially represented by counsel, but he then chose to represent himself and had two attorneys acting as standby counsel. Mockbee filed numerous motions, most of which the trial court described as "frivolous and repetitive." (Tr. 40). As a result, the trial court held "almost 40 hours" of hearings on his motions. (Tr. 40). Mockbee was removed from the courtroom during those hearings "for disruptive and threatening behavior" and was warned about his constant unruly actions. (Tr. 39).

[4]    On November 29, 2016, the trial court held a final hearing on Mockbee's pending motions, which included a motion to suppress and a motion to sever. Mockbee represented himself, and, during the hearing, he interrupted the judge, confused the witnesses, and asked questions that had previously been answered. During an attempt to play a video, Mockbee taunted opposing counsel by stating, "Get the Discovery, quit hiding it, we're going to trial on the 5th, are you scared? I'm not." (Tr. 39). The court interjected that it had "had enough" of Mockbee's behavior and noted for the record that Mockbee was "constantly interrupting the Court on a continuing basis" and "ha[d] been warned by the Court countless times for his disruptive behavior." (Tr. 39). The trial court noted that Mockbee's behavior was "a deliberate attempt to make a circus of our legal system" and found that Mockbee had forfeited his right to self-representation. (Tr. 41).

[5]    The hearing then continued with Mockbee's standby counsel representing him. While Mockbee's counsel was speaking, Mockbee "ma[de] some kind of gesture with his hand or finger" to the trial court, and made "glaring, smirking remarks" and "face gestures at the Court." (Tr. 50). Mockbee again interrupted the trial court and counsel during the proceeding and had to be reminded that his counsel was now representing him. The trial court warned Mockbee that he would be removed from the courtroom if he continued his disruptive behavior. Mockbee again interjected when the trial judge was speaking and was ordered to leave the courtroom. Mockbee then said, "[f]uck

you," as the officers removed him. (Tr. 51). The trial judge had the officers bring Mockbee to the bench where the following exchange occurred:

MR. MOCKBEE: Go ahead; say what you got to say.

THE COURT: The Court is going to say -

MR. MOCKBEE: Say it please; that you're bias[ed], you['re] unprejudicial [sic], you're scared to give somebody a fair trial in this Courtroom! I filed a police report against you and [defense counsel]. Please say it, because all the remarks –

THE COURT: Mr. Mockbee –

MR. MOCKBEE: – you make as a Judge when you're not in control and you're not in the situation – God have mercy on your soul, sir!

THE COURT: Okay, take him out of here.

MR. MOCKBEE: Now contempt that, please!

THE COURT: Okay, you are found in direct contempt of this Court.

MR. MOCKBEE: Thank you.

THE COURT: I am going to order, based upon your continued misbehavior in this Courtroom –

MR. MOCKBEE: Please do so –

THE COURT: Six months; six months –

MR. MOCKBEE: – because your behavior is what's been distinguished here, sir.

THE COURT: – make it nine months.

MR. MOCKBEE: Your very distinguished behavior has been an absolute disgrace –

THE COURT: Get him out of here.

MR. MOCKBEE: – in this Courtroom!

THE COURT: Okay, Mr. Mockbee…

MR. MOCKBEE: And I don't back down on you for fear of you, sir!

THE COURT:  Okay, Mr. Mockbee has just got himself another six months –

MR. MOCKBEE:  Please man.

THE COURT:  – so he's looking at, I'm going to make it one year additional.

(Tr. 51-53).  After Mockbee left the courtroom, the trial court noted that his "behavior at this time ha[d] continued" and that the trial court was "not going to subject the parties or a jury to this kind of behavior . . . ."  (Tr. 53).  The trial court found that Mockbee was in "direct contempt" and that "he w[ould] be sentenced accordingly[.]"  (Tr. 53).  The hearing then continued without Mockbee present.

[6]   On December 5, 2016, the trial court entered its order of direct contempt.  The trial court "found [Mockbee] in contempt and ordered a sentence of one hundred and eighty (180) days and ordered an additional one hundred and eighty (180) days for continued actions, words, and disruptive behavior."  (App. Vol. 2 at 47).  The trial court ordered "two separate sentences" of six months "based upon defendant's failure to cease his disruptive behavior after the imposition of the first contempt sentence."  (App. Vol. 2 at 49).  Mockbee now appeals.[1]

---

[1] Mockbee was later convicted of multiple counts following a jury trial, and he separately appeals those convictions under appellate cause number 15A01-1703-CR-483.

# Decision

Direct criminal contempt citations are available where "the court has firsthand and immediate knowledge of acts demonstrating a clear disregard for its authority which threaten to undermine the integrity of the judicial process and impede the performance of court work." *Hopping v. State*, 637 N.E.2d 1296, 1297 (Ind. 1994). Indeed, "[*a*]*ny* act which manifests a disrespect and defiance of a court may constitute direct criminal contempt." *Id.* (emphasis in original). "The power of Indiana courts to summarily punish for direct criminal contempt, while specified by statute, rests upon the common law. It is inherent in the courts." *Id.* at 1296. "On appeal, we afford great deference to trial courts' contempt decisions." *Carroll v. State*, 54 N.E.3d 1081, 1085 (Ind. Ct. App. 2016). Accordingly, we accept as true the statements of facts entered by the trial court. *Id.*

We note that the direct contempt statute provides, in relevant part, that:

> (a) Every person who disturbs the business and proceedings of a court:
>> (1) by creating any noise or confusion;
>> (2) in a court of record; and
>> (3) while the court is open and engaged in the transaction of business
>
> is considered guilty of direct contempt of court.
>
> (b) This section applies to a disturbance caused:
>> (1) by the commission of a felony, a misdemeanor, or an other unlawful act;
>> (2) by talking, moving about, or by signs, or gestures; or
>> (3) in any other manner.

I.C. § 34-47-2-1. "Indiana courts have long held that '[d]isorderly conduct, insulting demeanor to the court, and a disobedience of its orders *in facie curiae* constitute a direct contempt.'"[2] *Carroll*, 54 N.E.3d at 1086 (quoting *Holman v. State*, 105 Ind. 513, 5 N.E. 556, 557-58 (1886)). "Indiana appellate courts will only interfere with a contempt finding 'where it clearly appears the acts do not constitute contemptuous acts.'" *Id.* at 1085-86 (quoting *In re Nasser*, 644 N.E.2d 93, 95 (Ind. 1994)). "Contemptuous acts are those in opposition to a court's authority, justice and dignity." *Nasser*, 644 N.E.2d at 95.

[9] Contempt sanctions are essential to ensuring that judicial processes are not undermined. *Hopping*, 637 N.E.2d at 1297. "[W]here no legislative penalty is specified and sentencing is left to the discretion of the judge, as is often true in the case of criminal contempt, the pettiness or seriousness of the contempt will be judged by the penalty actually imposed." *Holly v. State*, 681 N.E.2d 1176, 1177 (Ind. Ct. App. 1997). "[S]entences up to six months may be imposed for criminal contempts without guilt or innocence being determined by a jury." *Id*.

[10] First, it must be noted that from time to time difficult litigants appear in court and disturb proceedings with foul and abusive behavior. During those times, even the most patient judges must use contempt powers to maintain order and the dignity of Indiana's courts. However, contempt powers may not be used to "'heal the wounded sensibilities of a judge; it may be invoked only when the

---

[2] *In facie curiae* means "[i]n the presence of the court." BLACK'S LAW DICTIONARY 896 (10th ed. 2014).

offending act impedes or disturbs the administration of justice.'" *Grimm v. State*, 240 Ind. 125, 128, 162 N.E.2d 454, 456 (Ind. 1959) (quoting *Francis v. People of Virgin Islands*, 11 F.2d 860, 865 (3d Cir. 1926)).[3]  When warranted, a contempt citation should be imposed promptly, but it must be kept within prudential limits.  *Id.* at 457.  Where the legislature has "prescribed no maximum sentence for criminal contempt, courts have a special duty to exercise their extraordinary contempt powers with the 'utmost sense of responsibility and circumspection.'" *Matter of Craig*, 552 N.E.2d 53, 56 (Ind. Ct. App. 1990) (*quoting United States v. Misenheimer*, 677 F. Supp 1386, 1388 (N.D. Ind. 1988)).  In other words, "a sentence from criminal contempt should reflect the least possible power adequate to the end proposed . . . ." *Id.* (internal quotation marks and citation omitted).

[11]  In this case, the record of the November 29, 2016 hearing is filled with evidence of Mockbee's contemptuous behavior.  Mockbee repeatedly interrupted the proceedings, made inappropriate outbursts, and directed profanity toward the trial court.  *See Holly*, 681 N.E.2d at 1178 (finding of direct contempt affirmed when defendant directed profanity at the trial court).  However, the issue in this case is whether multiple acts of contempt within a single hearing may be punished separately or whether they constitute a single episode of contempt.

---

[3] Through this citation, we are not suggesting that the trial court in this case used its contempt powers with an improper motive.

[12] Other jurisdictions have prohibited multiple punishments for a single episode of contempt. Of particular note is the Vermont Supreme Court's opinion in *State v. North*, 978 A.2d 435, 436 (Vt. 2009). In that case, the court highlighted the following exchange between a defendant and trial court after sentencing:

> DEFENDANT: Go fuck yourself, Your Honor.
>
> COURT: Bring him back here please. Bring him back here. I'm holding the Defendant in contempt of Court. He'll serve an additional five to six months for contempt of Court for cursing at the judge.
>
> DEFENDANT: Go fuck yourself—
>
> COURT: Okay. That's another five to six months for contempt of Court consecutive. Do you want to keep going, Mr. North?
>
> DEFENDANT: [unclear]
>
> COURT: Another five to six months. Fifteen to eighteen months consecutive, in addition to the three to twenty years.

*North*, 978 A.2d at 436. The trial court entered three findings of contempt and ordered the sentences served consecutively. The defendant appealed.

[13] In determining whether this series of profane remarks represented "discrete contempts" or "a single contemptuous episode," the Vermont Supreme Court focused on "the factors of time and place and whether the offenses were motivated by a single criminal objective." *Id*. at 439 (internal quotation marks and citation omitted). The court concluded that because the verbal exchange occurred in one location, lasted a short period of time, and was not interrupted by other proceedings, it should be considered one single contemptuous episode. "Furthermore, defendant's original insult and his renewed attack in response to

the court's contempt sentence flowed from the single criminal objective – to flaunt his disrespect for authority in open court." *Id*.

[14] We are persuaded that the reasoning of the Vermont Supreme Court is sound and instructive in this case. Here, Mockbee repeatedly interrupted the trial court, made faces and hand gestures that were disruptive, taunted opposing counsel, used profanity, and refused to respect the dignity and authority of the trial court. It was appropriate for the trial court to find Mockbee in direct contempt of court. However, Mockbee's behavior occurred within a single proceeding, lasted a relatively short period of time, was not interrupted by another proceeding, and flowed from a single criminal intent – to disrespect and disrupt the administration of justice. Even though Mockbee continued to behave in a contemptuous manner after the initial contempt citation, his continuing behavior was in response to the trial court's initial contempt citation and flowed from the same criminal objective. (App. Vol. 2 at 49) ("The Court finds that two separate sentences of 6 months (180 days) were imposed based upon defendant's failure to cease his disruptive behavior after the imposition of the first contempt sentence."). We are aware that determining whether multiple acts of contemptuous behavior forms a single contemptuous episode is a fact sensitive determination. We can imagine scenarios within a single hearing that might justify multiple contempt citations. For example, a litigant whose outburst receives a contempt citation might be properly cited again after a period of calm behavior within the same proceeding. *See Smith v. State*, 855 A.2d 339 (Md. Ct. App. 2004) (three acts of contempt were separate and

discrete supporting three convictions). However, where, as here, multiple acts of contempt form a single contemptuous episode, we hold that a single punishment of not more than six months may be imposed, without a jury trial. This rule allows Indiana's judges to maintain order and dignity while avoiding the temptation to become embroiled in a battle of wills with an unruly litigant. *See United States v. Murphy*, 326 F.3d 501, 504 n.3 (4th Cir. 2003) (the potential exists for a defendant to amass decades of prison time as the result of a prolonged diatribe); *Johnson v. State*, 642 A.2d 259, 263-64 (Md. Ct. Spec. App. 1994) (series of insults interrupted only by a judge's pronouncements that defendant was guilty of contempt which may have provoked defendant into repeated instances of contempt, constituted only one contempt offense).

[15]   As to what should happen to Mockbee's second contempt citation, the reasoning of the Vermont Supreme Court suggests that it should be served concurrently with the first citation. *North*, 978 A.2d at 439-40. However, we believe that vacating the second contempt citation is more consistent with our reasoning in *Matter of Craig*, in which we explained, that "a sentence for criminal contempt should reflect the least possible power adequate to the end proposed . . . ." *Matter of Craig*, 552 N.E.2d at 56 (internal quotation marks and citation omitted). Other jurisdictions have followed this approach. *See State v. Lingwall*, 637 N.W.2d 311, 315 (Minn. Ct. App. 2001); *Butler v. State*, 330 So.2d 244 (Fl. Ct. App. 1976), cert. denied. As a result, we affirm the trial court's first finding of contempt. However, because we find that Mockbee's behavior constituted a single episode of criminal contempt, we vacate the trial

court's second finding and corresponding six month sentence for contempt. We remand and direct the trial court to enter a sentencing order for criminal contempt and a six month sentence to be served consecutive to Mockbee's sentence from his criminal convictions under cause number 15C01-1607-F5-049.

[16] Affirmed in part, reversed in part, and remanded.

May, J., and Brown, J., concur.