

**FILED**

Dec 14 2017, 10:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth A. Johnson
Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryan Fearman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 14, 2017<br><br>Court of Appeals Case No.<br>49A04-1704-CR-802<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Marc Rothenberg, Judge<br><br>Trial Court Cause No.<br>49G02-1703-MC-10188 |

**May, Judge.**

[1] Bryan Fearman appeals his 910-day sentence for direct criminal contempt,[1] arguing a sentence longer than six months violates his right to a trial by jury under the Sixth Amendment of the United States Constitution. The State argues this matter should be remanded to resolve the number of instances of direct contempt for which the trial court intended to sanction Fearman. We reverse Fearman's sentence and remand for the trial court to enter a sentencing order for criminal contempt with a six-month sentence.

## Facts and Procedural History

[2] Fearman was convicted of attempting to murder Lerron McDowell, as well as several other offenses.[2] The McDowell family attended Fearman's sentencing hearing on March 17, 2017. When the prosecutor informed the court of the family's presence, Fearman said, "Who gives a f*ck if they're in the f*cking room." (Tr. Vol. II at 6.) The judge informed Fearman his behavior in court would be considered when he was sentenced. Fearman then rolled his eyes and said, "I'll be out long enough to walk. B*tch is [sic] still got to worry about me." (*Id.* at 7.) When asked to repeat what he said, Fearman said, "Read my lips, when I get out I'm going to wring his f*cking neck." (*Id.*) The judge had Fearman removed from the courtroom.

---

[1] Ind. Code § 34-47-2-1 (1998).

[2] The record does not provide details as to Fearman's criminal convictions; however, the trial court's order and abstract of judgment both list multiple cause numbers to which the contempt sentence is ordered to run consecutive.

[3] The trial court later issued an order in which it stated: "Through this order the court formally finds the defendant in direct contempt of court for his behavior at sentencing, especially the express threats made to the Victim." (App. Vol. II at 13.) Factors taken into consideration when sentencing Fearman for direct contempt were:

> a. The nature of the proceeding. The defendant was being sentenced for the violent crime of Attempt Murder, a Level 1 Felony.
> b. The behavior of the defendant. The defendant displayed disrespect for the court through his tone and physical behavior.
> c. The contemptable [sic] behavior itself. The defendant committed the forcible felony of intimidation in open court, threatening the person of the Victim of the underlying attempted murder.

(*Id.*) Additionally, the trial court noted in its order Fearman's behavior equated to Level 6 felony intimidation,[3] "punishable up to 2.5 years of incarceration, and $10,000.00 fine." (*Id.*) Considering those factors, the trial court sentenced Fearman for contempt to 910 days in the Department of Correction, consecutive to his other sentences, without credit time.

# Discussion and Decision

[4] A trial court may cite a person for direct criminal contempt when "the court has firsthand and immediate knowledge of acts demonstrating a clear disregard for

---

[3] Ind. Code § 35-45-2-1 (2014).

its authority which threaten to undermine the integrity of the judicial process and impede the performance of court work." *Hopping v. State*, 637 N.E.2d 1294, 1297 (Ind. 1994), *cert. denied* 513 U.S. 1017 (1994). "The power of Indiana courts to summarily punish for direct criminal contempt, while specified by statute, rests upon the common law. It is inherent in the courts." *Id.* Such sanctions are "essential to ensuring that judicial processes are not undermined." *Mockbee v. State*, 80 N.E.3d 917, 921 (Ind. Ct. App. 2017), *trans. denied*.

[5] The Sixth Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, guarantees the right to a jury trial in criminal cases. *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968), *reh'g denied*. However, petty offenses, wherein the penalty "imposed does not exceed six months or a longer penalty has not been expressly authorized by statute," may be tried without a jury. *Taylor v. Hayes*, 418 U.S. 488, 495 (1974). "[I]n the absence of legislative authorization of serious penalties for contempt, a State may choose to try any contempt without a jury if it determines not to impose a sentence longer than six months." *Id.* at 496. Sentences exceeding six months may not be imposed absent a jury trial or waiver thereof. *Holly v. State*, 681 N.E.2d 1176, 1177-78 (Ind. Ct. App. 1997).

[6] Without challenging the trial court's finding of direct contempt, Fearman argues he was denied his Sixth Amendment right to trial by jury because his sentence for direct contempt exceeded six months. The State argues the trial court could have been imposing sanctions for multiple counts of contempt and,

based thereon, asks us to remand to the trial court for clarification of the number of counts of contempt for which Fearman was sentenced.

[7] Implicit in the State's request for remand and clarification of the number of counts of contempt is an assumption that the trial court could have stacked multiple six-month sentences to justify the sentence imposed. However, the State does not provide any support for that allegation, and the law we found does not indicate we should follow the State's suggestion. Instead, the United States Supreme Court has held that although a trial court may find a person in contempt multiple times arising out of a single proceeding, the sentence, without a jury trial, may not exceed six months. *Codispoti v. Pennsylvania*, 418 U.S. 506, 517 (1974).

[8] At his sentencing hearing, Fearman interrupted the court and spoke profanely multiple times, and then the court removed him from the courtroom and sentenced him for contempt. This all occurred during a single proceeding, lasted a short period of time, was not interrupted by any other proceeding, and flowed from his single intent to disrupt the court proceedings by threatening McDowell. *See Mockbee*, 80 N.E.3d at 923 (enumerated factors of what constitutes a single episode of contemptuous behavior). Fearman's multiple acts of contemptuous behavior constitute a single contemptuous episode and can only warrant a "single punishment of not more than six months[,] without a jury trial." *Id.* Therefore, we reverse Fearman's 910-day sentence for contempt and remand for the trial court to enter a sentencing order for criminal contempt with a six-month sentence, to be served consecutive to Fearman's

criminal convictions in 49G02-1507-F1-25929, 49G02-1507-F4-26885, 49G02-1510-FD-38200, and 49G02-1510-F5-38275.

[9]     Reversed and remanded.

Barnes, J., and Bradford, J., concur.