FILED

May 16 2018, 10:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



**ATTORNEY FOR APPELLANT**

David C. Kolbe
Warsaw, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cameron Hunter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 16, 2018

Court of Appeals Case No.
43A03-1711-CR-2633

Appeal from the Kosciusko
Superior Court

The Honorable David C. Cates,
Judge

Trial Court Cause No.
43D01-1705-F6-348

**Bailey, Judge.**

# Case Summary

While criminal charges against Cameron Hunter ("Hunter") were pending, the State alleged that Hunter had contemptuously violated a condition of his bail. Following a hearing, the trial court entered a contempt finding and imposed a sanction of 180 days in jail. Hunter presents two issues on appeal, which we consolidate and restate as whether the court abused its discretion by imposing a criminal contempt sanction upon the violation of a condition of bail.

We reverse.

# Facts and Procedural History

Hunter was released on bail during the pendency of criminal charges against him. Hunter and the State eventually reached a plea agreement, and the trial court scheduled the matter for hearing. At the hearing, Hunter sought to postpone consideration of the plea in order to determine whether he was eligible for community corrections. The State then orally sought a modification of the conditions of Hunter's bail, to which Hunter's counsel agreed. The court continued the hearing and orally modified the conditions of Hunter's bail, specifying that Hunter was not to contact or "be around anyone under the age of 18." Tr. Vol. II at 10. Hunter confirmed that he had no questions about the trial court's oral pronouncement. Hunter then left the courthouse and entered a vehicle that contained the three people he rode with to the hearing: his girlfriend, his fifteen-year-old sister, and a sixteen-year-old female. Thereafter,

the State filed a petition alleging that Hunter had contemptuously violated a condition of his bail by leaving the courthouse with two minors. The trial court held a hearing on October 9, 2017, at which it determined that Hunter was in contempt. As a sanction, the court ordered Hunter to serve 180 days in jail.

[4] Hunter now appeals.[1]

# Discussion and Decision

[5] Hunter argues that the trial court abused its discretion by imposing a criminal contempt sanction for the violation of a condition of bail.[2] We review the imposition of contempt sanctions for an abuse of discretion, *Witt v. Jay Petroleum, Inc.*, 964 N.E.2d 198, 204 (Ind. 2012), which occurs "when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Mitchell v. Mitchell*, 785 N.E.2d 1194, 1198 (Ind. Ct. App. 2003). Moreover, in reviewing a contempt order, "we neither reweigh the evidence nor judge the credibility of the witnesses." *Id.*

[6] The instant matter arose because Hunter violated a condition of his bail, and bail procedures are controlled by the Indiana Code. *See generally* Ind. Code ch.

---

[1] On February 16, 2018, this Court granted Hunter's Motion for Recognizance Bond Pending Appeal, and remanded for a hearing and determination of an appropriate bond.

[2] Hunter also argues that he received ineffective assistance of counsel, alleging that counsel should have insisted on adherence to statutory procedures instead of stipulating to a modification of his bail conditions, *see* Ind. Code § 35-33-8-5 (setting forth the process for modification of bail conditions), and that counsel should have advised him of the "import and magnitude" of the modification before he left the courthouse. Appellant's Br. at 14. As we resolve this appeal on other grounds, we do not reach these contentions.

35-33-8. Therein, Section 35-33-8-5 sets forth a remedy for the violation of a bail condition—and that remedy is revocation of bail. Here, however, the State alleged contempt, and the trial court ultimately imposed a punitive contempt sanction. A court's contempt power enables it to impose sanctions designed to "maintain[] its dignity, secur[e] obedience to its process and rules, rebuk[e] interference with the conduct of business, and punish[] unseemly behavior." *City of Gary v. Major*, 822 N.E.2d 165, 169 (Ind. 2005). Contempt sanctions are often remedial in nature, aimed toward "coerc[ing] action for the benefit of [an] aggrieved party." *In re Paternity of M.P.M.W.*, 908 N.E.2d 1205, 1209 (Ind. Ct. App. 2009). A court may nonetheless impose a punitive contempt sanction, but only if the offending conduct amounts to "criminal" contempt—that is, when the conduct was "willful and involve[d] a deliberate design to disobey the order as an act of defiance of, and interference with, the function of the court." *Denny v. State*, 203 Ind. 682, 182 N.E. 313, 320 (1932). Indeed, conduct amounts to punishable criminal contempt only when "directed against the dignity and authority of the court[,] . . . obstruct[ing] the administration of justice and . . . tend[ing] to bring the court into disrepute or disrespect." *State v. Heltzel*, 552 N.E.2d 31, 33-34 (Ind. 1990).[3]

---

[3] Notably, an individual accused of criminal contempt is entitled to due process of law in accordance with the Fourteenth Amendment to the United States Constitution. *In re Oliver*, 333 U.S. 257, 271-76 (1948). Indeed, both the Fourteenth Amendment and provisions of the Indiana Code demand certain procedural safeguards upon an allegation of "indirect" contempt—that is, where the judge lacked personal knowledge of the allegedly contemptuous conduct. *See id.* at 275 (recognizing that summary proceedings for instances of "direct" contempt are permissible as a "narrow exception" to typical due process requirements); *In re Nasser*, 644 N.E.2d 93, 95-96 (Ind. 1994) ("Courts have inherent power to punish summarily acts of direct contempt without formal charges or an evidentiary hearing."); I.C. §§ 34-47-3-5, -6, -7. The Fourteenth Amendment

In this case, the State presented evidence of Hunter's violation, and argued that Hunter "defied the Court's order" because he "proceeded to exit the building" with minors. Tr. Vol. II at 31. Hunter testified that he did not know whether he was supposed to wait while his girlfriend drove the minors back and returned to pick him up, or first leave without the minors. In imposing a punitive contempt sanction, the trial court seemingly drew on Hunter's testimony, determining that Hunter "contemptuously ignored" its orders "because to comply would have been inconvenient for him." App. Vol. II at 13. Yet, Hunter's conduct did not affect the dignity or operation of the court. Thus, the conduct did not rise to the level of punishable criminal contempt.

---

requires, as a baseline, that the accused receive notice of the contempt allegations against him and have a reasonable opportunity to defend against those allegations through a fair, public hearing that affords the right to counsel and the chance to testify and call witnesses. *In re Oliver*, 333 U.S. at 275. In Indiana, before indirect contempt proceedings may commence, the trial court must receive a verified information that sets forth the facts alleged to constitute contempt. I.C. § 34-47-3-5. Once the trial court has received a verified information, the court may then initiate further proceedings by issuing a rule to show cause. *Id.* The rule must, *inter alia*, "clearly and distinctly set forth the facts that are alleged to constitute the contempt," *id.*, however, the Indiana Supreme Court has explained that there is no due process violation where—as here— only the information sets forth the factual allegations. *Reynolds v. Reynolds*, 64 N.E.3d 829, 833-34 (Ind. 2016). Moreover, the rule to show cause must set forth a specific time and place for a hearing at which the alleged contemnor may defend the allegations. I.C. § 34-47-3-5. Significantly, however, certain contemptuous conduct carries sufficient potential for bias to disqualify the sitting judge from hearing the matter. *Mayberry v. Pennsylvania*, 400 U.S. 455, 465-66 (1971) (observing that "not every attack on a judge . . . disqualifies him from sitting" but that "a defendant in criminal contempt proceedings should be given a public trial before a judge other than the one reviled by the contemnor"); *cf.* Ind. Judicial Conduct Rule 2.2 ("A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially."). Our legislature has accounted for the prospect of bias by mandating the appointment of a special judge upon certain kinds of indirect contempt allegations. *See* I.C. § 34-47-3-7. However, no special judge is required where—as here—the indirect contempt allegations "grow[] out of willfully . . . disobeying any lawful process or order of court." I.C. § 34-47-3-7(b). Nonetheless, even where the alleged contemptuous conduct does not implicate issues of impartiality, we remind courts to "exercise their extraordinary contempt powers with the utmost sense of responsibility and circumspection," *Matter of Craig*, 552 N.E.2d 53, 56 (Ind. Ct. App. 1990) (quotation marks omitted), and, in selecting contempt sanctions, exercise the least-possible power adequate to the end proposed. *Mockbee v. State*, 80 N.E.3d 917, 921 (Ind. Ct. App. 2017), *trans. denied*.

[8]     Ultimately, Hunter failed to comply with a condition of his bail. Under such circumstances, an appropriate remedy was to revoke bail—a remedy the State should have sought in accordance with the controlling statute. *See* I.C. § 35-33-8-5. Because Hunter's conduct did not amount to criminal contempt, the trial court abused its discretion by imposing a punitive contempt sanction.

[9]     Reversed.

Crone, J., and Brown, J., concur.