

FILED
May 28 2019, 8:43 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey D. Stanton
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cheryl Alcorn,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 28, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2849<br><br>Appeal from the Cass Superior Court<br><br>The Honorable Richard A. Maughmer, Judge<br><br>Trial Court Cause No.<br>09D02-1811-MC-807 |

**Najam, Judge.**

## Statement of the Case

Cheryl Alcorn appeals the trial court's finding of contempt against her. Alcorn raises one issue for our review, namely, whether the trial court abused its discretion when it found her in contempt for having failed to pay the court's

payroll voucher. We conclude that Alcorn has not met her burden on appeal to demonstrate that she was not in direct contempt and, thus, we affirm.

## Facts and Procedural History

In early 2018, the Cass County Council appropriated $25,000 for the Cass Superior Court to hire a fourth court employee. The county council did not place any restrictions on those funds. The county council had also appropriated money for part-time employees, who are to be paid at a rate of not more than $12.50 per hour.[1] On October 15, the Cass Superior Court hired a retired school teacher to fill the full-time position of court reporter. However, "due to prior teaching commitments," the court phased in the new court reporter as her schedule would allow until she could work full time. Appellant's App. Vol. II at 4.

On October 29, the trial court submitted a payroll voucher to Alcorn, who is the Cass County Auditor. In that voucher, the court approved payment for the new court reporter at a rate of $14.01 per hour[2] for the hours the court reporter had worked, which the trial court "intended to be taken from the $25,000.00 unrestricted funds." *Id*. However, Alcorn refused to pay the voucher as submitted. Instead, Alcorn paid the court reporter at the rate of $12.50 per hour because the court reporter had only worked part time.

---

[1] There appears to be some dispute as to whether part-time employees earn $12.50 per hour or $12.15 per hour, but that difference is not material to this appeal.

[2] Twenty-five thousand dollars per year equates to $14.01 per hour for a person who works thirty-five hours per week.

[4] On November 2, the trial court issued a citation finding Alcorn in contempt for failing to pay the payroll voucher as submitted. Specifically, the trial court found that Alcorn had "refused to pay said voucher as per the order" of the trial court. *Id*. at 6. The trial court further found that Alcorn's refusal to pay the court reporter at the correct rate "substantially disrupt[ed] the operation of the court" and "constitute[d] direct contempt of the court[.]" *Id*.

[5] The trial court held a hearing on November 5. At the hearing, Alcorn stated that she did not pay the payroll voucher as submitted because part-time employees were only able earn $12.50 per hour. Alcorn also asserted that the payroll voucher was not an order of the court. At the conclusion of the hearing, Alcorn agreed to pay the payroll claim "under protest." Tr. Vol. II at 15. The trial court did not impose any sanctions on Alcorn due to her compliance with the payroll voucher. This appeal ensued.

## Discussion and Decision

[6] Alcorn contends that the trial court abused its discretion when it found her in contempt. As the Indiana Supreme Court has stated:

> "It is soundly within the discretion of the trial court to determine whether a party is in contempt, and we review the judgment under an abuse of discretion standard of review." *Steele-Giri v. Steele*, 51 N.E.3d 119, 124 (Ind. 2016) (quoting *Witt v. Jay Petroleum, Inc.*, 964 N.E.2d 198, 202 (Ind. 2012)). "We will reverse a trial court's finding of contempt only if there is no evidence or inference therefrom to support the finding." *Id*. The trial court has the inherent power to "maintain [] its dignity, secur[e] obedience to its process and rules, rebuk[e] interference

with the conduct of business, and punish[] unseemly behavior." *Id*.

*Reynolds v. Reynolds*, 64 N.E.3d 829, 832 (Ind. 2016) (alterations in original).

[7] "There are two kinds of contempt: direct contempt and indirect contempt." *Id*. A trial court may cite a person for direct contempt when "the court has firsthand and immediate knowledge of acts demonstrating a clear disregard for its authority which threaten to undermine the integrity of the judicial process and impede the performance of court work." *Fearman v. State*, 89 N.E.3d 435, 436 (Ind. Ct. App. 2017). And indirect contempt is the "willful disobedience of any lawfully entered order of which the offender had notice[.]" *Akiwumi v. Akiwumi*, 23 N.E.3d 734, 737 (Ind. Ct. App. 2014).

[8] Here, the trial court found that Alcorn's refusal to pay the payroll voucher as submitted "substantially disrupt[ed] the operation of the court" and found her in direct contempt. Appellant's App. Vol II at 6. However, the trial court also found that Alcorn had refused to pay the payroll voucher "as per the order" of the court. *Id*. Thus, the court also found Alcorn in indirect contempt for failing to comply with a court order.

[9] On appeal, Alcorn acknowledges that she did not pay the payroll voucher as submitted. However, she contends that the trial court abused its discretion when it found her in contempt because the "payroll claim voucher is not an Order." Appellant's Br. at 8 (emphasis removed). She asserts that, because the payroll voucher is not an order, she cannot be held in contempt for failing to

comply with it. In essence, Alcorn only asserts that the trial court abused its discretion when it found her in *indirect* contempt for failing to comply with a court order.

[10] We need not determine whether the payroll voucher was, in effect, a court order. Again, the trial court found not only that Alcorn was in indirect contempt for violating a court order but that she was also in direct contempt because her refusal to pay the court reporter at the higher rate substantially disrupted the operation of the court. As discussed above, a trial court can find a person in direct contempt when "the court has firsthand and immediate knowledge of acts demonstrating a clear disregard for its authority which threaten to undermine the integrity of the judicial process and impede the performance of court work." *Fearman*, 89 N.E.3d at 436. In other words, direct contempt "involve[s] actions in the presence of the court, such that the court her personal knowledge of them." *Jones v. State*, 847 N.E.2d 190, 199 (Ind. Ct. App. 2006). Alcorn makes no argument to explain why her actions did not constitute direct contempt.[3]

[11] Here, as the trial court specifically found Alcorn in direct contempt, it appears from the record that the trial court had personal knowledge of Alcorn's refusal to pay the voucher. And it appears, as the trial court found, that Alcorn's refusal to pay the court reporter at the higher wage from appropriated funds

---

[3] For the first time in her reply brief, Alcorn asserts that her "conduct is not that conduct which constitutes 'direct criminal contempt.'" Reply Br. at 8. Because she raises this argument for the first time in her reply brief, it is waived. *See Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005).

substantially interfered with the operation of the court. Alcorn has not directed us to any evidence in the record, or made any argument, to the contrary from which we might conclude that her actions did not constitute direct contempt. Accordingly, she has not met her burden on appeal to demonstrate that the trial court abused its discretion when it found her in direct contempt.

[12] Alcorn asserts in the alternative that, even if the payroll voucher were a court order, the trial court could not hold her in contempt for failing to comply with it because the trial court did not have the authority to set the court reporter's salary as the "county council pays the wage of the court reporter[.]" Appellant's Br. at 10. But as discussed above, we need not decide whether the payroll voucher is a court order because Alcorn has not met her burden on appeal to demonstrate that her actions did not constitute direct contempt. We note, however, that, if the payroll voucher were a court order, Alcorn was required to comply with it. It is well settled that "[a] party must follow an erroneous order. The only remedy from an erroneous order is appeal[,] and disobedience thereto is contempt." *Wilson v. State*, 988 N.E.2d 1211, 1216-17 (Ind. Ct. App. 2013). Accordingly, to avoid a finding of contempt for failing to comply with the order, the proper procedure would have been for Alcorn to pay the voucher and then appeal.

[13] In sum, the trial court found Alcorn in both direct and indirect contempt for failing to pay the payroll voucher. But Alcorn has not met her burden on appeal to demonstrate that her actions did not constitute direct contempt. Accordingly, we must affirm.

Affirmed.

Baker, J., and Robb, J., concur.